**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; *et al.*<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br><br>Mag. Judge Elizabeth A. Stafford<br><br>CLASS ACTION |

**DECLARATION OF KRISTIN J. MOODY IN SUPPORT OF THE MOTION OF OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM TO EXTEND DEADLINE TO SERVE SUMMONS**

I, Kristin J. Moody, declare under penalty of perjury as follows:

1. I am a partner in the San Francisco office of Berman Tabacco (the "Firm"), counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System ("Oklahoma Police" or "Lead Plaintiff"). I am a member in good standing of the State Bar of California, the State Bar of the Commonwealth of Massachusetts and I have been admitted to the Eastern District of Michigan. I submit this Declaration in support of the Motion of Oklahoma Police to extend the

1

deadline to serve the summons and in support of the Memorandum of Points and Authorities accompanying the Motion.

2.      My colleagues and I have made repeated unsuccessful attempts to identify defendant Gary Judd's counsel to request they accept service.  The first such attempt was made on March 25, 2020, in connection with Lead Plaintiff's counsel's discussion with other defendants' counsel regarding the time to respond to the initial complaint.  Thereafter, we continued to follow up to see if the other defense counsel were aware of who defendant Judd is represented by.  The most recent attempt was made on May 21, 2020, at a time when there were three unrepresented defendants, at which time Sterling's counsel informed me that they expected that at least two of the three will have counsel by the end of May 2020.  Defendant Judd's counsel has not yet been identified.

3.      Until May 22, 2020, my colleagues and I believed that defendant Judd presently resides in Michigan, where service on individuals is not occurring due to restrictions related to COVID-19.  However, given the difficulties of service in Michigan, we initiated a new records search, and, it appears that defendant Judd presently resides in Arapahoe County, Colorado, where service on individuals is currently allowed.  Steps that we would have ordinarily taken, but were unable to take because of COVID-19, prevented earlier discovery of what is now believed to be defendant Judd's current address.

4.      I directed a paralegal at my Firm to engage a process server to effectuate personal service on Judd at the Michigan location then believed to be his current address, but we were informed by a process serving company that Michigan process servers were not conducting service of process on individuals due to the shelter-in-place restrictions related to COVID-19, which include the possibility of the imposition of fines for non-compliance.  Accordingly, we did not have the benefit of reports gained from an in-person visit to the Michigan address to learn whether defendant Judd currently resides there.

5.      I directed a paralegal at my Firm to attempt to serve defendant Judd by certified mail, return receipt requested, pursuant to Michigan Court Rule 2.105(A)(2) at the Michigan address.   I have reviewed tracking information for this package and the return receipt on the U.S. Postal Service website that tracks packages.  While delivery was made to what was believed to be Judd's address at the time, the return receipt has not been received and therefore no information about defendant Judd's present address could be gleaned from this attempt.  I have also learned from the U.S. Postal Service website that "[t]o reduce health risks," the U.S. Postal Service is "temporarily modifying customer signature capture procedures" by not requiring personal signatures when carriers deliver mail.

6.      On May 22, 2020, immediately after learning of the Colorado address believed to be defendant Judd's current place of residence, I directed a paralegal to engage a Colorado process serving company to personally serve defendant Judd.

7.      I have reviewed emails from the Colorado process server that state that, as of the time this Motion was filed, the Colorado process server has made four visits to the address to attempt service, but each time received no answer at the door and noted no movement in the dwelling.

8.      I have directed a paralegal at my Firm to send the summons and complaint on defendant Judd at his Colorado address by registered mail, return receipt requested, on May 26, 2020, to attempt to effectuate service pursuant to Mich. Ct. R. 2.105(A)(2).

9.      Until my colleagues and I learned of defendant Judd's Colorado address on May 22, 2020, and immediately after learned that process servers in Colorado (unlike in Michigan) are now permitted to work, Lead Plaintiff intended to file a motion seeking relief from the deadline and also an order permitting alternate service by publication.  In compliance with Local Rule 7.1(a), I attempted to seek concurrence with that relief sought by consulting with counsel for the twelve served defendants in this action.  Defendants Sterling Bancorp, Inc., Thomas Lopp, Michael Montemayor, Barry Allen, Jon Fox, Peter Sinatra, Benjamin Wineman, Sandra Seligman, Seth Meltzer, and Lyle Wolberg did not

oppose the relief sought, and Piper Sandler Companies and American Capital Partners, LLC did not communicate a position on the relief sought.

10.     On May 25, 2020, as defendant Judd remained unserved necessitating the need for the present Motion for an extension of the expiration of this summons, in compliance with Local Rule 7.1(a), counsel for Lead Plaintiff attempted to seek concurrence with that relief sought by emailing counsel for the other twelve defendants.  As of the time of this filing Defendants Sandra Seligman and Seth Meltzer did not oppose the relief sought, and Defendants Sterling Bancorp, Inc., Thomas Lopp, Michael Montemayor, Barry Allen, Jon Fox, Peter Sinatra, Benjamin Wineman, Lyle Wolberg, Piper Sandler Companies and American Capital Partners, LLC did not communicate a position on the relief sought.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of May, 2020, at San Francisco, California.

*/s/ Kristin J. Moody*
Kristin J. Moody