UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC., et al.,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>CLASS ACTION |

**DEFENDANT MICHAEL MONTEMAYOR'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Defendant Michael Montemayor respectfully requests that this Court dismiss the claims asserted against him in Plaintiff's Amended Class Action Complaint for Violations of Federal Securities Laws (R.36) with prejudice under Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Mr. Montemayor relies on the enclosed brief.

Pursuant to LR 7.1(a), before filing this Motion, counsel for Mr. Montemayor sought to ascertain whether Plaintiff opposes the relief requested. Plaintiff opposes the relief requested.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC., et al.,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>CLASS ACTION |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL MONTEMAYOR'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

# ISSUES PRESENTED

1. Should the claims against Defendant Michael Montemayor ("Montemayor") be dismissed because (i) the Private Securities Litigation Reform Act ("PSLRA") prohibits "group pleadings" and (ii) Plaintiff fails to allege individual liability against Montemayor, who did not sign defendant Sterling Bancorp. Inc's ("Sterling") IPO registration statement or subsequent SEC filings?

    Defendant's answer: Yes

2. Should the claims against Montemayor be dismissed because (i) Plaintiff does not contest the veracity of Montemayor's alleged statements that are unrelated to whether Sterling's underwriting or risk management was "conservative" or "disciplined" and (ii) are puffery?

    Defendant's answer: Yes

3. Should the claims against Montemayor be dismissed because Plaintiff cannot establish scienter, having failed to allege that a single *Helwig* factor is satisfied?

    Defendant's answer: Yes

4. Should the Amended Complaint's claim for "control person" liability under Section 20(a) of the Securities Exchange Act of 1934 and Section 15 of the Securities Act of 1933 be dismissed because Plaintiff (i) does not plead a primary violation of the securities laws and (ii) pleads that Montemayor held positions that were with Sterling's wholly owned subsidiary, not Sterling?

    Defendant's answer: Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Fed. R. Civ. P. 12 (b)(6)
- Fed. R. Civ. P. 8(a)
- Fed. R. Civ. P. 9(b)
- Private Securities Litigation Reform Act ("PSLRA")
- 15 U.S.C. § 78u-4(b)(2)
- *Helwig v. Vencor, Inc.*, 251 F.3d 540 (6th Cir. 2001)
- *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 688 (6th Cir. 2004)
- *Doshi v. Gen. Cable Corp.*, 823 F.3d 1032 (6th Cir. 2016)
- *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308 (2007)

# TABLE OF CONTENTS

                                                        **Page**

ISSUES PRESENTED ................................................................................................i

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 2

I.     Plaintiff cannot rely upon "group pleading" to establish individual liability against Montemayor. ........................................................................ 2

II.    Montemayor is not alleged to have made any actionable misstatements or omissions. ............................................................................ 4

III.   Plaintiff fails to adequately allege that Montemayor acted with scienter. ............................................................................................................ 6

IV.   Plaintiff fails to adequately allege control person liability as to Montemayor. .................................................................................................. 10

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brown v. Enstar Group, Inc.*,
 84 F.3d 393 (11th Cir. 1996) .............................................................................. 11

*Carrier Corp. v. Outokumpu Oyj*,
 673 F.3d 430 (6th Cir. 2012) .............................................................................. 10

*Chamberlain v. Reddy Ice Holdings, Inc.*,
 757 F. Supp. 2d 683 (E.D. Mich. 2010) ......................................................... 7, 10

*D.E.&J Ltd. P'ship v. Conaway*,
 284 F. Supp. 2d 719 (E.D. Mich. 2003), *aff'd*, 133 F. App'x 994
 (6th Cir. 2005) ....................................................................................................... 3

*Doshi v. Gen. Cable Corp.*,
 386 F. Supp. 3d 815 (E.D. Ky. 2019) ......................................................... 2, 7, 8

*Doshi v. Gen. Cable Corp.*,
 823 F.3d 1032 (6th Cir. 2016) .......................................................................... 7, 9

*In re EveryWare Global, Inc. Sec. Litig.*,
 175 F. Supp. 3d 837 (S.D. Ohio 2016), *aff'd*, 849 F.3d 325 (6th
 Cir. 2017) ............................................................................................................... 7

*Helwig v. Vencor, Inc.*,
 251 F.3d 540 (6th Cir. 2001) ........................................................................... 6, 9

*IBEW Local No. 58 Annuity Fund v. EveryWare Glob., Inc.*,
 849 F.3d 325 (6th Cir. 2017) ................................................................................ 6

*Indiana State Dist. Council of Laborers v. Omnicare Inc.*,
 583 F.3d 935 (6th Cir. 2009) ................................................................................ 5

*Indiana State Dist. Council of Laborers v. Omnicare Inc.*,
 719 F.3d 498 (6th Cir. 2013) ................................................................................ 6

*Int'l Bhd. of Electrical Workers. v. Limited Brands, Inc.*,
 788 F. Supp. 2d 609 (S.D. Ohio 2011) ................................................................ 7

## TABLE OF AUTHORITIES—continued

Page(s)

*Kuyat v. BioMimetic Therapeutics, Inc.*,
 747 F.3d 435 (6th Cir. 2014) ...................................................................................6

*Local 295/Local 851 IBT Emplr. Group Pension Trust & Welfare Fund v. Fifth Third Bancorp*,
 731 F. Supp. 2d 689 (S.D. Ohio. 2010) ............................................................2, 4

*Makor Issues & Rights, Ltd. v. Tellabs, Inc.*,
 437 F.3d 588 (7th Cir. 2006) ...................................................................................3

*Pittman v. Unum Grp.*,
 No. 1:18-CV-000128-DCLC, 2020 WL 2846929 (E.D. Tenn. June 1, 2020) ...................................................................................................................9

*PR Diamonds, Inc. v. Chandler*,
 364 F.3d 671 (6th Cir. 2004) ...................................................................................9

*Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*,
 365 F.3d 353 (5th Cir. 2004) ..............................................................................3, 4

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc*,
 690 F. Supp. 2d 959 (D. Ariz. 2010) ....................................................................11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd*,
 551 U.S. 308 (2007) ...................................................................................................6

*In re Vale S.A. Sec. Litig.*,
 No. 1:15-cv-9539, 2017 WL 1102666 (S.D.N.Y. Mar. 23, 2017) .......................8

### OTHER AUTHORITIES

Fed. R. Civ. P. 8(a) .........................................................................................................1

Fed. R. Civ. P. 9(b) ....................................................................................................1, 3

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

Sterling Bancorp, Inc., Insider Trading Report for Michael Montemayor (Form 4) .................................................................................................7

Defendant Michael Montemayor ("Montemayor") submits this memorandum in support of his motion to dismiss the Amended Class Action Complaint, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA").

## INTRODUCTION

Montemayor adopts and incorporates the Memorandum of Law in Support of Defendant Sterling Bancorp, Inc.'s Motion to Dismiss the Amended Class Action Complaint (the "Sterling Brief"). In addition, Montemayor writes separately to address four fatal flaws in the Amended Complaint particular to him that Plaintiff has sought to conceal by lumping the individual defendants together.

*First*, Montemayor is not alleged to have signed any of Sterling Bancorp, Inc.'s ("Sterling") SEC filings, and Plaintiff cannot impose individual liability on Montemayor by alleging that all officers and directors are responsible for all corporate statements. The PSLRA prohibits such "group pleading."

*Second*, Montemayor himself is alleged to have made only a handful of statements (orally, during earnings calls), none of which relate to whether Sterling's underwriting was "conservative" or "disciplined," or at all to Sterling's risk management and Bank Secrecy Act / Anti-Money Laundering ("BSA/AML") compliance. As such, Plaintiff does not challenge the veracity several of Montemayor's statements, all of which, in any event, were puffery.

*Third*, for myriad reasons explained further below, Plaintiff fails to allege scienter as to Montemayor. Chief among them, Montemayor did not sell any shares of Sterling during the class period when it was supposedly inflated; rather, he twice *bought* shares, which "undermines *any* inference of scienter." *Doshi v. Gen. Cable Corp.*, 386 F. Supp. 3d 815, 838 (E.D. Ky. 2019) (emphasis added, citation omitted).

*Fourth*, the executive positions that Plaintiff alleges that Montemayor held, *i.e.*, President, Commercial and Retail Banking and Chief Lending Officer, were positions not with Sterling, but rather with Sterling's wholly owned subsidiary. Accordingly, those roles cannot support the conclusion that Montemayor was a control person as to Sterling.

For these additional reasons, the Amended Complaint should be dismissed as to Montemayor.

## ARGUMENT

**I.    Plaintiff cannot rely upon "group pleading" to establish individual liability against Montemayor.**

In an effort to cast the broadest possible net, Plaintiff makes blanket assertions that all director and officer defendants, including Montemayor, are liable for the content of Sterling's IPO registration statement and subsequent SEC filings (C ¶¶ 38, 356, 418, PageID.294, 439, 465-466.) But Plaintiff does not allege that Montemayor signed the IPO registration statement or the subsequent SEC filings, nor that Montemayor had a role of his own in preparing, reviewing or supporting

-2-

those filings. Instead, Plaintiff "attribut[es] all the alleged misrepresentations to all Defendants . . . collectively." *D.E.&J Ltd. P'ship v. Conaway*, 284 F. Supp. 2d 719, 730 (E.D. Mich. 2003), *aff'd*, 133 F. App'x 994 (6th Cir. 2005). Such "group pleading" is impermissible in the wake of the PSLRA. *Id.* ("'group pleading' . . . fails to meet not only Fed. R. Civ. P. 9(b)'s specificity requirements but also the heightened standards for pleading a Section 10(b) violation after passage of the PSLRA.").

To establish liability as to an individual defendant, Plaintiff must "specify which of [the] documents [alleged to be actionable] is attributable to each individual defendant" and "which portions or statements within these documents are assignable to each individual defendant." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 365 (5th Cir.2004); *see also Makor Issues & Rights, Ltd. v. Tellabs, Inc*., 437 F.3d 588, 602-03 (7th Cir. 2006). Here, Plaintiff fails to do so. Plaintiff offers only conclusory allegations, *e.g.*, "[t]he Officer Defendants . . . were provided with or had unlimited access to copies of Sterling's reports, press releases, public filings, and other statements . . . and had the ability to prevent the issuance of the statements or to cause the statements to be corrected" (C ¶ 418, PageID.465-466) and "[t]he Officer Defendants, because of their positions with the Company, controlled and/or possessed the authority to control the contents of its reports, press releases, and presentations." (C ¶ 38, PageID.294.) These are precisely the type of

allegations that courts have rejected as insufficient to establish individual liability. *See Southland*, 365 F.3d at 365 (allegation that "the individual defendants 'each controlled the contents of and participated in writing INSpire's SEC filings, reports and releases'" was insufficient to establish individual responsibility for corporate statements); *see also Local 295/Local 851 IBT Emplr. Group Pension Trust & Welfare Fund v. Fifth Third Bancorp*, 731 F. Supp. 2d 689, 719 (S.D. Ohio. 2010).

## II. Montemayor is not alleged to have made any actionable misstatements or omissions.

Setting aside the "group pleading" allegations discussed above, the Amended Complaint alleges no statements attributable to Montemayor aside from a sprinkling of anodyne opinions that Montemayor offered during earnings calls, none of which is actionable.

In any event, Montemayor said nothing about whether Sterling's underwriting was "conservative" or "disciplined"—the opinions that Plaintiff has made the centerpiece of the Amended Complaint. To begin, Montemayor is alleged to have mentioned underwriting only once, in Q3 2018, when he purportedly described Sterling's underwriting as "highly responsive and efficient." (C ¶ 200, PageID.365-366.) Plaintiff, however, does not take issue with that particular opinion.

Montemayor is also alleged to have said that Sterling's "establishing this [new] branch [in Korea town in Los Angeles] reflects our long-term, disciplined approach to banking that emphasizes focused geographic expansion coupled with

-4-

niche products and services that have proven valuable to our customers since our founding." (C ¶ 220, PageID.375.) This statement refers to a disciplined approach to *banking*, not a disciplined approach to *underwriting*. Indeed, Montemayor's statement makes clear that he is not talking about underwriting discipline, but rather discipline in the Sterling's choice of geographies and product offerings. Montemayor's focus is only logical: underwriting is a back-office process unrelated to Sterling's public announcement of its newest branch. Plaintiff's argument that Sterling's underwriting was not disciplined therefore is irrelevant; Montemayor was talking about something else entirely.

As for the handful of other Montemayor statements, they relate to Sterling's growth, pipeline and the market in which it operates, and are illustrative of the puffery and opinion that Sterling's brief demonstrates is not actionable. *See, e.g.*, C C ¶ 152, PageID.341 ("So, we're very excited about our opportunities to continue on that path [of loan growth] and what we've been able to do, and our pipelines are similarly strong as you compare last year."); C ¶ 200, PageID.365-366 ("From an operational perspective, we continue to have strong loan production, although somewhat off the levels we've generated in recent quarters."). This simply is not the language of securities fraud. *See Indiana State Dist. Council of Laborers v. Omnicare Inc.*, 583 F.3d 935, 943-44 (6th Cir. 2009).

### III. Plaintiff fails to adequately allege that Montemayor acted with scienter.

The PSLRA imposes a "high hurdle" on allegations of scienter, *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 441 (6th Cir. 2014), pursuant to which plaintiffs must "allege[] particularized facts giving rise to a strong inference that defendants acted with the requisite scienter." *IBEW Local No. 58 Annuity Fund v. EveryWare Glob., Inc.*, 849 F.3d 325, 327 (6th Cir. 2017). As the Supreme Court has explained, "the inference of scienter must be more than merely 'reasonable' or 'permissible'—it must be cogent and compelling, thus strong in light of other explanations." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 324 (2007).

Further, because the handful of statements that Montemayor is alleged to have made (e.g., "pipelines are healthy," "efficient underwriting" C ¶ 200, PageID.365-366), are classic examples of "soft" information, Plaintiff must plead that Montemayor had actual knowledge. *See Indiana State Dist. Council v. Omnicare Inc.*, 719 F.3d 498, 505 (6th Cir. 2013). Here, Plaintiff fails to clear this hurdle.

The Sixth Circuit has identified nine non-exhaustive factors (the *Helwig* factors) to consider when assessing whether Plaintiff adequately has alleged scienter. *See Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001). Here, none of those factors indicates that Montemayor had the requisite actual knowledge of falsity.

*Factors 1 and 8:* "*Insider trading at a suspicious time or in an unusual*

*amount*"; "*the personal interest of certain directors in not informing disinterested directors of an impending sale of stock.*" Montemayor is not alleged to have sold any Sterling securities at all, let alone a suspicious or unusual amount, or in a sale that he kept to himself while it was impending. To the contrary, SEC filings of which this court may take judicial notice, *see Chamberlain v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 698-99 (E.D. Mich. 2010), indicate that Montemayor purchased shares twice during the class period, once on November 21, 2017, and once on March 21, 2018.[1] Montemayor's decision to *purchase* "stock during the Class Period when the stock prices were allegedly inflated . . . undermines any inference of scienter." *Doshi*, 386 F. Supp. 3d at 838 (quoting *Int'l Bhd. of Electrical Workers. v. Limited Brands, Inc.*, 788 F. Supp. 2d 609, 631 (S.D. Ohio 2011)).

*Factors 2 and 6:* "*Divergence between internal reports and external statements on the same subject*"; "*disregard of the most current factual information before making statements.*" Courts generally address these two factors together. *See Doshi v. Gen. Cable Corp.*, 823 F.3d 1032, 1041-42 (6th Cir. 2016). Here, Plaintiff does not allege that Montemayor had any internal reports, or even emails, that contradicted the statements that Montemayor is alleged to have made. *See In re*

---

[1] *See* Ex. A (Sterling Bancorp, Inc., Insider Trading Report for Michael Montemayor (Form 4) (Nov. 11, 2017) and Sterling Bancorp, Inc., Insider Trading Report for Michael Montemayor (Form 4) (Mar. 23, 2018), https://tinyurl.com/yyj9l3kv (last visited Sept. 23, 2020)).

-7-

*EveryWare Global, Inc. Sec. Litig.*, 175 F. Supp. 3d 837, 860 (S.D. Ohio 2016) (concluding that strong inference of scienter was not supported in part because the plaintiffs did not "identif[y] any internal reports, memoranda, or the like and allege[] both the contents of those documents and defendants' possession of them at the relevant time."), *aff'd,* 849 F.3d 325 (6th Cir. 2017).

*Factor 3. "Closeness in time of an allegedly fraudulent statement or omission and the later disclosure of inconsistent information."* Plaintiff does not allege the disclosure of any information that was inconsistent with Montemayor's statements. To begin, Plaintiff focuses on disclosures supposedly related to whether Sterling's underwriting and risk management were "conservative" and "disciplined," (C ¶¶ 166-67, 244-245, 308-09, 450-451, PageID.350-354, 386-390, 416-420, 481-484), which Montemayor did not address. In any event, even if Montemayor had made such statements, expressing an opinion, even one that later turns out to be in error, is insufficient to establish scienter. *See Doshi*, 386 F. Supp. 3d at 835 (stating that a complaint must allege facts showing that the officers "actually knew the falsity of [the] statements when [they] issued them[.]"); *see also In re Vale S.A. Sec. Litig.*, No. 1:15-cv-9539, 2017 WL 1102666, at *33 (S.D.N.Y. Mar. 23, 2017) ("The scienter inquiry asks whether Defendants had knowledge of facts or access to information contradicting their statements at the time they were made, and not merely whether the statements were later proven to be false.").

-8-

*Factors 4 and 5: "Evidence of bribery by a top company official"*; *"Existence of an ancillary lawsuit charging fraud by a company and the company's quick settlement of that suit."* Plaintiff does not allege any such bribery or suit.

*Factor 7: "Disclosure of accounting information in such a way that its negative implications could only be understood by someone with a high degree of sophistication."* Plaintiff does not make any allegations concerning the disclosure of accounting information by Montemayor, let alone confusing disclosures.

*Factor 9*: *"The self-interested motivation of defendants in the form of saving their salaries or jobs."* In the Sixth Circuit, "courts distinguish motives common to corporations and executives generally from motives to commit fraud" because "[a]ll corporate managers share a desire for their companies to appear successful." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 690 (6th Cir. 2004) (holding that "'an executive's desire to protect his position within a company or increase his compensation' does not 'comprise a motive for fraud.'"). Therefore, this factor does not support a strong inference of scienter. *Id.; see also Pittman v. Unum Grp.*, No. 1:18-CV-000128-DCLC, 2020 WL 2846929, at *23 (E.D. Tenn. June 1, 2020) (same, such "motive allegations are too general and speculative to support an inference of scienter under the ninth *Helwig* factor.").

Plaintiff's failure to allege a single *Helwig* factor weighs heavily against concluding that scienter has been adequately alleged. *See Doshi*, 823 F.3d at 1043.

## IV. Plaintiff fails to adequately allege control person liability as to Montemayor.

Plaintiff fails to allege control person liability for the reasons set forth in the Sterling Brief, and, as to Montemayor, for an additional reason that relates to Montemayor's position within Sterling's corporate structure.

As the Amended Complaint explains, "Sterling is the holding company of Sterling Bank and Trust" (the "Bank"), which "is a Federal savings association" that is not a party to this action. (C ¶ 33, PageID.290-291.)  Plaintiff alleges that Montemayor was "President, Commercial and Retail Banking and  Chief Lending Officer" of Sterling (C ¶ 26, PageID.287-288), but, in fact, he held these positions at the Bank, not the holding company. This Court need not accept as true the Amended Complaint's erroneous assertion that Montemayor held these positions at Sterling because that allegation is contradicted by documentary evidence incorporated by reference into the Amended Complaint. (*See* C ¶ 254, PageID.394 (citing June 27, 2019 Press Release stating that "Michael Montemayor [is] President of Commercial and Retail Banking, Sterling Bank & Trust F.S.B.")); *see also Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012); *Chamberlain*, 757 F. Supp. 2d at 698-99.  In fact, the Amended Complaint makes clear that Montemayor held a series of positions (such as branch manager, C ¶ 36, PageID.293-294) that do not exist at Sterling, which is a holding company, not an operating company.

This is fatal to Plaintiff's claim of control person liability. *See Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 690 F. Supp. 2d 959, 980 (D. Ariz. 2010) (granting motion to dismiss where "the FAC alleges that since September 2000, Ms. Noone has been president of the University of Phoenix—an Apollo subsidiary. Thus, . . . Ms. Noone does not qualify as [a control person] because the FAC does not allege that she was an officer or director of Apollo."); *see also Brown v. Enstar Group, Inc.*, 84 F.3d 393, 397 (11th Cir. 1996) (affirming summary judgment on Section 20(a) claim in favor of chairman of subsidiary due to lack of record evidence that he had the power to control the parent when the allegedly fraudulent and misleading prospectus was issued).

## CONCLUSION

For these reasons, Defendant Montemayor respectfully requests that the Court dismiss the claims against Defendant Montemayor in the Amended Complaint with prejudice.

Dated: September 22, 2020

By: */s/ Alex Lakatos*
Alex Lakatos
Catherine Medvene
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone:  (202) 263-3000
Facsimile:  (202) 263-3300

*Attorneys for Defendant Michael Montemayor*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

    /s/ Alex Lakatos
Alex Lakatos
Catherine Medvene
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300