UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC., et al.,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>CLASS ACTION |

**DEFENDANT THOMAS LOPP'S
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Thomas Lopp respectfully requests that this Court dismiss the claims asserted against him in Plaintiff's Amended Class Action Complaint for Violations of Federal Securities Laws (R.36) with prejudice under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Mr. Lopp relies on the enclosed brief. Mr. Lopp also expressly concurs in and joins the Motion to Dismiss filed by Defendant Sterling Bancorp, Inc. (R.57.)

Pursuant to LR 7.1(a), before filing this Motion, counsel for Mr. Lopp sought to ascertain whether Plaintiff opposes the relief requested. Plaintiff opposes the relief requested.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC., et al.,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>CLASS ACTION |

# BRIEF IN SUPPORT OF DEFENDANT THOMAS LOPP'S MOTION TO DISMISS AMENDED COMPLAINT

# TABLE OF CONTENTS

ISSUES PRESENTED ................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ iv

INTRODUCTION ............................................................................................ 1

ARGUMENT ................................................................................................... 2

    I.    Plaintiff Does Not Allege That Lopp Engaged in Insider Trading. ............................................................................................. 2

    II.    The Anonymous Witness Statements Do Not Establish Scienter Against Mr. Lopp. ..................................................................... 3

    III.    The "Core Operations" Doctrine Cannot Establish Mr. Lopp's Scienter. ........................................................................................... 4

    IV.    Mr. Lopp's Resignation Does Not Create a Strong Inference That He Acted with Scienter. ........................................................... 4

CONCLUSION ................................................................................................ 5

## ISSUES PRESENTED

Plaintiff's Amended Complaint does not allege any specific facts suggesting that Defendant Thomas Lopp knew of or recklessly disregarded the falsity of his alleged misstatements. Rather, Plaintiff asks this Court to infer that Mr. Lopp must have known of and participated in the alleged fraud because of his position at Defendant Sterling Bancorp, Inc. and alleged access to unspecified contrary information. Are these allegations sufficient to meet the pleading standard under the Private Securities Litigation Reform Act and other applicable law, under which a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind"?

Defendant Mr. Lopp says "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Fed. R. Civ. P. 12(b)(6)
- Fed. R. Civ. P. 9(b)
- 15 U.S.C. § 78u-4(b)(2)
- *Helwig v. Vencor, Inc.*, 251 F.3d 540 (6th Cir. 2001)
- *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004)

# INTRODUCTION

Plaintiff brings four securities fraud claims against Defendant Thomas Lopp: Counts I & II pursuant to § 10(b) and § 20(a) of the Exchange Act, and Counts IV & VI pursuant to § 11 and § 15 of the Securities Act. Mr. Lopp is the former Chairman of the Board of Directors, President, and CEO of Defendant Sterling Bancorp, Inc. ("Sterling"). (Compl. ¶ 35, PageID.292–293.) He resigned from those positions on May 8, 2020. (*Id.*) For all their bluster, the sum and substance of Plaintiff's allegations against Mr. Lopp are that he *must have* defrauded investors because of the position he held at the company. "[F]raudulent intent," however, "cannot be inferred merely from [a defendant's] position[] in the Company and alleged access to information." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 688 (6th Cir. 2004), *abrogated on other grounds by Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 48–50 (2011). Mr. Lopp respectfully requests that the Court dismiss all claims against him with prejudice pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

Mr. Lopp expressly concurs in and joins Sterling's Motion to Dismiss and adopts and incorporates by reference Sterling's Memorandum of Law in support of its motion ("Sterling's Brief"); thus Mr. Lopp will not repeat those arguments here. For the reasons thoroughly explained therein, the Amended Complaint fails to sufficiently plead securities fraud claims under the Exchange Act and the Securities

Act as a matter of law, and the Amended Complaint should be dismissed with prejudice.

In addition to the deficiencies Sterling identifies, Mr. Lopp submits this separate Motion to highlight Plaintiff's failure to plead facts giving rise to a strong inference that Mr. Lopp acted with scienter, as required by the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(b)(2).

## ARGUMENT

The PSLRA imposes a "high hurdle" on allegations of scienter, *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 441 (6th Cir. 2014), pursuant to which plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," 15 U.S.C. § 78u-4(b)(2). Plaintiff has not met this high standard.

### I. Plaintiff Does Not Allege That Lopp Engaged in Insider Trading.

The Amended Complaint relies heavily on allegations of insider trading, which is one of the factors the Sixth Circuit considers in evaluating whether a plaintiff has adequately pleaded scienter. *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001).[1] But although the Amended Complaint alleges that certain

---

[1] Sterling's Brief recites the *Helwig* factors in their entirety. (Sterling Br. at 56, PageID.696.) For the reasons stated therein and the additional reasons in this brief, Plaintiff has failed to allege sufficient facts to support or establish any of the *Helwig* factors against Lopp.

2

defendants engaged in insider trading (*see* Compl. ¶¶ 377–80, PageID.446–448), there is no allegation that Mr. Lopp ever did so or otherwise personally enriched himself at the expense of Sterling investors. To the contrary, Mr. Lopp's SEC Forms 3 and 4—public reports of Mr. Lopp's transactions in Sterling stock required under section 16(a) of the Exchange Act—show that Mr. Lopp did not own any Sterling stock before Sterling's IPO, purchased with cash 7,000 shares of Sterling stock in the IPO, has been awarded stock in the years since, and never has sold a single share. (Exs. 1–5 (SEC Form 3 dated 11/16/17, and SEC Forms 4 dated 11/21/17, 3/23/18, 3/25/19, and 3/4/20).) Accordingly, not only has Plaintiff failed to plead insider trading against Defendant Lopp, but the absence of insider trading negates an inference of scienter. (*See* Judd Br. at 4–5.)

## II. The Anonymous Witness Statements Do Not Establish Scienter Against Mr. Lopp.

None of the seven anonymous alleged former employees described in the Complaint (*see* Compl. ¶¶ 93–133, PageID.315–328) claim to have discussed any of their concerns or knowledge with Mr. Lopp, nor do they allege that their concerns or knowledge were communicated to Mr. Lopp. (*See id.*; *see also* Sterling Br. at 63–66, PageID.703–706.) Generalized statements that Sterling's "senior executives 'had to have known' what was going on" (Compl. ¶ 125, PageID.325) are not sufficient to create a strong inference that Mr. Lopp knew of or recklessly disregarded the alleged falsity of his statements (Judd Br. at 5–6).

### III. The "Core Operations" Doctrine Cannot Establish Mr. Lopp's Scienter.

For all the reasons set forth in Defendant Judd's brief, Plaintiff cannot rely on the so-called "core operations" doctrine to establish that Mr. Lopp acted with scienter. (Judd Br. at 6–8.) Mr. Lopp relies on and incorporates those arguments here.[2]

### IV. Mr. Lopp's Resignation Does Not Create a Strong Inference That He Acted with Scienter.

The Complaint also repeatedly alleges that Mr. Lopp resigned on May 8, 2020 (Compl. ¶¶ 318, 368, 374, PageID.424, 443, 445–446), arguing that his resignation is "suspicious" (Compl. ¶ 361, PageID.441). As with Plaintiff's other innuendo, there is no substance to this conclusory assertion. The Complaint fails to allege how Mr. Lopp's resignation supports—much less creates a strong inference—that Mr. Lopp acted with scienter at the time he made his alleged misstatements.[3]

---

[2] The control person liability claims under Sections 20(a) and 15(a) also fail against Mr. Lopp for all of the reasons set forth in Sterling's Brief. (Sterling Br. at 68–70, PageID.708–710.) Such claims fail against Mr. Lopp for the additional reason that, as discussed above, Plaintiff has not adequately pleaded that he acted with scienter or otherwise "culpably participated" in any of the alleged securities violations.

[3] In addition to the specific items addressed in this brief, the Amended Complaint also suggests that the existence of the OCC Report, and Sterling's failure to disclose that report, is evidence of fraudulent intent. Mr. Lopp also joins in Sterling's arguments with respect to the OCC Report, including the reasons why it could not be disclosed as a matter of law, and the fact that the Amended Complaint fails to allege that any statement by any specific defendant (including Mr. Lopp) regarding issues allegedly addressed by the OCC Report were knowingly false. (*See* Sterling Br. at 50–67, PageID.690–707.)

## CONCLUSION

For the foregoing reasons and for all the reasons set forth in Sterling's Motion to Dismiss the Amended Class Action Complaint, Mr. Lopp respectfully requests that the Court dismiss the claims in the Amended Complaint against him in their entirety and with prejudice.

Dated: September 22, 2020

/s/ Michael G. Brady
Michael G. Brady (P57331)
Madelaine C. Lane (P71294)
Thomas M. Amon (P72351)
Charles R. Quigg (P82624)
WARNER NORCROSS + JUDD LLP
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248.784.5000
mbrady@wnj.com

Attorneys for Defendant Thomas Lopp

## CERTIFICATE OF SERVICE

    I hereby certify that on September 22, 2020, I electronically filed the foregoing using the CM/ECF system, which will electronically notify all counsel of record of such filing.

                                              /s/ Michael G. Brady
                                              Michael G. Brady