## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

OKLAHOMA POLICE PENSION AND
RETIREMENT SYSTEM, Individually and
on Behalf of All Others Similarly
Situated,

*Plaintiffs*,

v.

STERLING BANCORP, INC., GARY JUDD,
THOMAS LOPP, MICHAEL MONTEMAYOR,
SCOTT SELIGMAN, BARRY ALLEN, JON
FOX, SETH MELTZER, SANDRA
SELIGMAN, PETER SINATRA, BENJAMIN
WINEMAN, LYLE WOLBERG, PIPER
SANDLER COMPANIES, and AMERICAN
CAPITAL PARTNERS LLC,

*Defendants.*

No. 5:20-cv-10490-JEL-EAS

## THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS

Pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil

Procedure, and on the grounds set forth in the accompanying memorandum, as

well as the memorandum of defendant Sterling Bancorp, Inc. and exhibits attached

thereto, which are all incorporated herein by reference, defendants Piper Sandler

Companies and American Capital Partners LLC hereby move the Court to dismiss

with prejudice the claims asserted against them in Counts IV and V of plaintiff's

Amended Class Action Complaint for Violations of the Federal Securities Laws

(ECF No. 36) for failure to state a claim upon which relief can be granted.

In accordance with LR 7.1, the undersigned counsel certifies that counsel contacted counsel for plaintiffs, explained the nature of the relief to sought by way of this motion, and sought concurrence in the relief requested in this motion, and that counsel did not obtain concurrence in the relief sought.

Dated:  September 22, 2020

                                        Respectfully Submitted,

                                        /s/ MATTHEW J. TURCHYN
OF COUNSEL                              Matthew J. Turchyn (P76482)
                                        HERTZ SCHRAM PC
Stephen R. DiPrima                     1760 S Telegraph Road, Suite 300
Benjamin D. Klein                      Bloomfield Hills, Michigan  48302
WACHTELL, LIPTON, ROSEN & KATZ         248-335-5000 (telephone)
51 West 52nd Street                    248-335-3346 (facsimile)
New York, NY  10019
212-403-1000 (telephone)               *Attorneys for Piper Sandler*
212-403-2000 (facsimile)               *Companies and American Capital*
                                        *Partners LLC*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

OKLAHOMA POLICE PENSION AND
RETIREMENT SYSTEM, Individually and
on Behalf of All Others Similarly
Situated,

*Plaintiffs*,

v.

STERLING BANCORP, INC., GARY JUDD,
THOMAS LOPP, MICHAEL MONTEMAYOR,
SCOTT SELIGMAN, BARRY ALLEN, JON
FOX, SETH MELTZER, SANDRA
SELIGMAN, PETER SINATRA, BENJAMIN
WINEMAN, LYLE WOLBERG, PIPER
SANDLER COMPANIES, and AMERICAN
CAPITAL PARTNERS LLC,

*Defendants*.

No. 5:20-cv-10490-JEL-EAS

# MEMORANDUM OF LAW IN SUPPORT OF
# THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
212-403-1000 (telephone)
212-403-2000 (facsimile)

HERTZ SCHRAM PC
1760 S Telegraph Road, Suite 300
Bloomfield Hills, Michigan  48302
248-335-5000 (telephone)
248-335-3346 (facsimile)

*Attorneys for Piper Sandler
Companies and American
Capital Partners LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................i

STATEMENT OF ISSUES PRESENTED.............................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ iii

PRELIMINARY STATEMENT ...............................................................1

ARGUMENT ........................................................................................2

I       PLAINTIFF FAILS TO STATE A CLAIM AGAINST
        THE UNDERWRITER DEFENDANTS. ......................................................2

II      PLAINTIFF FAILS TO ADEQUATELY PLEAD THAT THE
        UNDERWRITER DEFENDANTS ARE STATUTORY SELLERS. ............3

CONCLUSION .....................................................................................5

# TABLE OF AUTHORITIES

**Page**

CASES

*Albert Fadem Tr.* v. *Am. Elec. Power Co.*,
    334 F. Supp. 2d 985 (S.D. Ohio 2004)................................................................. 2-3

*Griffin* v. *PaineWebber, Inc.*,
    2001 WL 740764 (S.D.N.Y. June 29, 2001)...........................................................5

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
    351 F. Supp. 2d 334 (D. Md. 2004) ......................................................................4

*In re Stac Elecs.*,
    89 F.3d 1399 (9th Cir. 1996) ................................................................................3

*In re UBS AG*,
    2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012) ......................................................5

*Local 295/Local 851 IBT Employer Grp.* v. *Fifth Third Bancorp.*,
    731 F. Supp. 2d 689 (S.D. Ohio 2010)...................................................................4

*Pinter* v. *Dahl*,
    486 U.S. 622 (1988) ..........................................................................................2, 4

*U.S.* v. *Mercy Health Sys. of Sw. Ohio*,
    188 F.3d 510 (6th Cir. 1999) ................................................................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) ..................................................................................... 1, 2, 3

## STATEMENT OF ISSUES PRESENTED

I.      Should this Court dismiss plaintiff's Section 11 and 12 claims (Counts IV and V of the amended complaint) against Piper Sandler Companies and American Capital Partners LLC (the "Underwriter Defendants") because plaintiff has failed to plead any facts connecting these defendants to the alleged fraud as required by FED. R. CIV. P. 9(b)?

      The Underwriter Defendants answer:     Yes

II.     Should this Court dismiss plaintiff's Section 12 claim (Count V of the amended complaint) against the Underwriter Defendants because plaintiff has failed to allege that these defendants are statutory sellers?

      The Underwriter Defendants answer:     Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FED. R. CIV. P. 12(b)(6)

FED. R. CIV. P. 9(b)

*In re Stac Elecs.*, 89 F.3d 1399 (9th Cir. 1996)

*Local 295/Local 851 IBT Employer Grp. Pension Tr. & Welfare Fund* v. *Fifth Third Bancorp.*, 731 F. Supp. 2d 689 (S.D. Ohio 2010)

## PRELIMINARY STATEMENT

This is a putative securities fraud class action challenging statements by Sterling Bancorp, Inc. about its bank subsidiary's Advantage Loan Program.  For the reasons set forth in Sterling's motion to dismiss and accompanying memorandum, plaintiff's amended complaint is defective in multiple respects and should be dismissed.  Defendants Piper Sandler Companies and American Capital Partners LLC (the "Underwriter Defendants") join Sterling's brief and incorporate it by reference.  They also submit this short supplemental memorandum to provide two additional bases for dismissal of the claims against them, which have been asserted solely under Sections 11 and 12 of the Securities Act of 1933.

*First*, for the reasons set forth in Sterling's motion to dismiss, plaintiff's Section 11 and 12 claims sound in fraud and are thus subject to the exacting requirements of Rule 9(b).  Under this standard, plaintiff must plead *facts* connecting *each defendant* to the underlying fraud.  Yet plaintiff's 220-page complaint pleads virtually no facts about the Underwriter Defendants at all.  There is no allegation that the Underwriter Defendants were even aware of issues relating to Sterling's Advantage Loan Program, let alone participated in a scheme to mislead investors.  Plaintiff's failure to plead facts connecting the Underwriter Defendants to fraud requires dismissal of its claims against them.

*Second*, plaintiff's Section 12 claim against the Underwriter Defendants should be dismissed for the additional and independent reason that plaintiff fails to plead that the Underwriter Defendants are statutory sellers.  As the Supreme Court has held, the scope of Section 12 liability is exceedingly narrow, extending only to a buyer's "immediate seller."  *Pinter* v. *Dahl*, 486 U.S. 622, 644 (1988).  Here, the complaint says nothing about from whom plaintiff acquired Sterling stock, and certainly does not plead that it was from either of the Underwriter Defendants. Accordingly, plaintiff's Section 12 claim against them should be rejected.

## ARGUMENT

## POINT I

## PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE UNDERWRITER DEFENDANTS

As set forth in Sterling's opening papers, in addition to its failure to plead an actionable misstatement or omission, plaintiff's Section 11 and 12 claims sound in fraud and are thus subject to the heightened pleading requirements of FED. R. CIV. P. 9(b).  *See* Sterling Br. at 22-25.  This requires plaintiff to plead facts establishing "a connection between fraudulent acts or statements and *each defendant*, or … that inform *each defendant* of its participation in the fraud."  *U.S.* v. *Mercy Health Sys. of Sw. Ohio*, 188 F.3d 510, at *9 (6th Cir. 1999) (Gray, J., concurring) (emphasis added); *Albert Fadem Tr.* v. *Am. Elec. Power Co.*, 334 F. Supp. 2d 985, 996 (S.D.

2

Ohio 2004) ("A plaintiff … is required to meet the Rule 9(b) … standard[] as to each defendant against whom securities fraud is alleged.").

Despite its heightened burden, plaintiff fails to plead any facts connecting the Underwriter Defendants to fraud.  Indeed, plaintiff's 220 page complaint plaintiff scarcely mentions the underwriters *at all*.  Plaintiff does not contend that the underwriters made any of the statements it challenges.  Nor does it allege that the underwriters believed these statements to be false—much less fraudulent.  Indeed, the sum total of plaintiff's substantive allegations about Piper Sandler and American Capital is that they acted as underwriters in Sterling's IPO, Am. Compl. ¶ 89, and supposedly failed to make "a reasonable investigation" into the statements plaintiff now claims were fraudulent, Am. Compl. ¶ 459.  These bare allegations are insufficient to state a claim under Rule 9(b).  *See In re Stac Elecs.*, 89 F.3d 1399, 1411 (9th Cir. 1996) ("[B]ecause the roles of the underwriter … defendants in propounding the allegedly fraudulent statements are left unspecified, it follows that Plaintiffs have not met the specificity requirements of Rule 9(b).").

## POINT II

### PLAINTIFF FAILS TO ADEQUATELY PLEAD THAT
### THE UNDERWRITER DEFENDANTS ARE STATUTORY SELLERS

Plaintiff's Section 12(a)(2) claim against the underwriters should be dismissed for the additional and independent reason that it has failed to plead that the Underwriter Defendants are "statutory sellers."  As the Supreme Court has

explained, the scope of Section 12(a) is extremely narrow—the statute "imposes liability on only the buyer's immediate seller; remote purchasers are precluded from bringing actions against remote sellers. Thus, a buyer cannot re-cover against his seller's seller." *Pinter* v. *Dahl*, 486 U.S. 622, 644 n. 21 (1988).

Applying this standard, courts have held that, to state a claim under Section 12, a plaintiff must adequately plead that a defendant is a "statutory seller"—that is, one who: "(1) passed title, or other interest in the security, to the buyer for value, or (2) successfully solicited the purchase of a security, motivated at least in part by a desire to serve his own financial interests or those of the securities' owner." *Local 295/Local 851 IBT Employer Grp. Pension Tr. & Welfare Fund* v. *Fifth Third Bancorp.*, 731 F. Supp. 2d 689, 704-05 (S.D. Ohio 2010). To make this showing, plaintiff must specifically "'allege by whom [they] were solicited and from whom they purchased shares; these assertions must be supported by specific factual allegations demonstrating a direct relationship between the defendant and the plaintiff-purchaser.'" *Id.* at 712 (quoting *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 406 (D. Md. 2004)).

The complaint makes none of these showings. Apart from a cursory allegation that it purchased stock "in the IPO," ¶ 32, plaintiff pleads no facts about its acquisition of Sterling stock. Plaintiff does not say who solicited it to acquire Sterling shares. Nor does it allege from whom such shares were purchased.

Absent well-pleaded allegations demonstrating that plaintiff acquired stock from the Underwriter Defendants, the Section 12 claim against them should be dismissed.  *See In re UBS AG*, 2012 WL 4471265, at *26 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys.* v. *UBS AG*, 752 F.3d 173 (2d Cir. 2014) (dismissing Section 12 claim where plaintiff "failed to allege[] that it purchased its shares from any of the Underwriter Defendants[]"); *Griffin* v. *PaineWebber, Inc.*, 2001 WL 740764, at *2 (S.D.N.Y. June 29, 2001) (plaintiff lacked standing to assert Section 12 claim for a class where it failed to allege that it acquired securities from underwriters).

## CONCLUSION

For the foregoing reasons, the Underwriter Defendants respectfully request that the claims against them in the amended complaint be dismissed with prejudice.

Dated:  September 22, 2020

Respectfully Submitted,

/s/ MATTHEW J. TURCHYN

OF COUNSEL

Stephen R. DiPrima
Benjamin D. Klein
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
212-403-1000 (telephone)
212-403-2000 (facsimile)

Matthew J. Turchyn (P76482)
HERTZ SCHRAM PC
1760 S Telegraph Road, Suite 300
Bloomfield Hills, Michigan  48302
248-335-5000 (telephone)
248-335-3346 (facsimile)

*Attorneys for Piper Sandler Companies and American Capital Partners LLC*

## CERTIFICATE OF SERVICE

I certify that on September 22, 2020, I electronically filed the above paper with the Clerk of the Court using the ECF system, which will send notification of the filing to all ECF participants, and I certify that I have mailed the above paper by United States Postal Service to the following non-ECF participants:  None.

HERTZ SCHRAM PC

   /s/ MATTHEW J. TURCHYN
Matthew J. Turchyn