**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>       Defendants. | No. 20-CV-10490-JEL-EAS<br><br>Hon. Judith E. Levy |

**DEFENDANT GARY JUDD'S MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT**

  Defendant Gary Judd respectfully requests that this Court dismiss with prejudice the claims asserted against him in Plaintiff Oklahoma Police Pension and Retirement Systems' Amended Class Action Complaint for violations of the Federal Securities Laws (R.36), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Mr. Judd submits the enclosed brief in support of this Motion.

  Pursuant to LR 7.1(a), before filing this Motion, counsel for Mr. Judd ascertained whether Plaintiff opposes the requested relief. Plaintiff opposes.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>      Defendants. | No. 20-CV-10490-JEL-EAS<br><br>Hon. Judith E. Levy |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GARY JUDD'S
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

# **TABLE OF CONTENTS**

                                                                                  **Page**

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ....................................................................................... 3

ARGUMENT .......................................................................................................... 4

      I.     Mr. Judd's Purchases of Stock Negate Any Inference of Scienter. ................................................................................. 4

      II.    The Anonymous Witnesses Are Not Alleged to Have Had Any Contact with Mr. Judd. ............................................ 5

      III.   The Core Operations Theory Fails to Establish Mr. Judd's Scienter. ....................................................................... 6

      IV.   Mr. Judd's Retirement Does Not Establish Scienter. ............. 8

CONCLUSION ....................................................................................................... 9

# **Controlling or Most Appropriate Authorities**

- Fed. R. Civ. P. 12(b)(6)

- Fed. R. Civ. P. 9(b)

- 15 U.S.C. § 78u-4(b)(2)

- *Helwig v. Vencor*, 251 F.3d 540 (6th Cir. 2001)

- *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004)

## **Issues Presented**

Whether Plaintiff's Amended Class Action Complaint meets the heavy burden to plead facts giving rise to a strong inference of Mr. Judd's scienter, as required by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(2).

Mr. Judd's Answer:   No.

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
   No. 3:16-cv-1106, 2019 U.S. Dist. LEXIS 203180 (N.D. Ohio
   Nov. 22, 2019) ..................................................................................................8

*Chamberlain v. Reddy Ice Holdings, Inc.*,
   757 F. Supp. 2d 683 (E.D. Mich. 2010) ............................................................6

*D.E. & J L.P. v. Conaway*,
   284 F. Supp. 2d 719 (E.D. Mich. 2003) ............................................................5

*Helwig v. Vencor, Inc.*,
   251 F.3d 540 (6th Cir. 2001) .............................................................................4

*Higginbotham v. Baxter Int'l Inc.*,
   495 F.3d 753 (7th Cir. 2007) .........................................................................5, 6

*In re Comshare, Inc. Sec. Litig.*,
   No. 97-73711-DT, 1997 U.S. Dist. LEXIS 17262 (E.D. Mich.
   Sept. 18, 1997) ...................................................................................................5

*Jackson v. Abernathy*,
   960 F.3d 94 (2d Cir. 2020) ................................................................................7

*Konkol v. Diebold, Inc.*,
   590 F.3d 390 (6th Cir. 2009) .........................................................................2, 6

*Ley v. Visteon Corp.*,
   543 F.3d 801 (6th Cir. 2008) .............................................................................5

*Local 295/Local 851 IBT Emp'r Grp. Pension Tr. & Welfare Fund v.
   Fifth Third Bancorp*,
   731 F. Supp. 2d 689 (S.D. Ohio 2010) ..............................................................5

*PR Diamonds, Inc. v. Chandler*,
   364 F.3d 671 (6th Cir. 2004) .....................................................................1, 2, 5

*Stein v. United States Xpress Enters.*,
    No. 1:19-cv-98, 2020 U.S. Dist. LEXIS 114686 (E.D. Tenn. June
    30, 2020) ..................................................................................................7, 8

**RULES**

Federal Rule of Civil Procedure Rule 9(b) ...............................................................1

Federal Rule of Civil Procedure Rule 10(c) ...........................................................1

Federal Rule of Civil Procedure Rule 12(b)(6) .......................................................1

**STATUTES**

Section 10(b) ...................................................................................................1, 2, 9

15 U.S.C. § 78u-4(b)(2) ................................................................................1, 2, 4, 7

15 U.S.C § 77k(a) ..................................................................................................1, 9

Defendant Gary Judd respectfully submits this memorandum of law in support of his motion, made pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Class Action Complaint (the "Amended Complaint") of Plaintiff Oklahoma Police Pension and Retirement System.[1]

### PRELIMINARY STATEMENT

Defendant Gary Judd, the former CEO of Defendant Sterling Bancorp, Inc. ("Sterling"), joins in all the arguments for dismissal set forth in Sterling's brief. As that brief makes plain, Plaintiff has failed to plead a viable cause of action against any defendant in this case, and the Amended Complaint should be dismissed in its entirety. Mr. Judd submits this supplemental brief to highlight four additional reasons why, as to Mr. Judd, Plaintiff fails to carry its heavy burden to plead facts giving rise to a strong inference of scienter, as required by the Private Securities Litigation Reform Act (the "PSLRA"):

- ***First,*** Sterling's SEC filings make plain that Mr. Judd ***significantly added to his initial holdings of Sterling stock throughout the class period and, to this day, has never sold a single share***. This activity negates any inference that he was knowingly engaged in a fraud. *PR*

---

[1] Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Defendant Judd adopts and incorporates by reference the arguments made in the motion to dismiss of Sterling Bancorp, Inc. This includes the arguments addressing the claim asserted against Mr. Judd, pursuant to Section 11 of the Securities Act of 1933, 15 U.S.C § 77k(a), and the Amended Complaint's failure to plead a material misstatement or omission, a required element of that claim and of a claim under Section 10(b).

*Diamonds, Inc. v. Chandler*, 364 F.3d 671, 691 (6th Cir. 2004) ("the absence of inside sales dulls allegations of fraudulent motive").

- ***Second,*** the Amended Complaint relies heavily on the statements of seven anonymous former Sterling employees. But ***none*** of those former employees are alleged to have any knowledge of Mr. Judd's involvement in a fraud; indeed, the former employees make no mention of Mr. Judd, at all. Instead, the Amended Complaint essentially alleges that Sterling's most senior executives, like Mr. Judd, "have to have known" their statements were false. But that is not enough in the Sixth Circuit. *Konkol v. Diebold, Inc.*, 590 F.3d 390, 401 (6th Cir. 2009) ("generalized statements" about what senior managers must have known are insufficient to plead scienter).

- ***Third,*** the Amended Complaint leans on the crutch of a legal presumption – the "core operations" doctrine. This doctrine asks courts to assume that a company's high-level executives know or should know about the day-to-day activities of its core business. This doctrine pre-dates the PSLRA, however, and its requirement that a plaintiff plead particular facts to raise a strong inference of scienter. *See* 15 U.S.C. § 78u-4(b)(2). It has been rejected or narrowed to the point of near irrelevance by all Circuits that have considered it, and it cannot relieve Plaintiff of the obligation to plead ***specific facts*** from which to infer Mr. Judd's fraudulent intent.

- ***Fourth,*** the Amended Complaint suggests that Mr. Judd's retirement in November 2019 raises a strong inference of scienter. But Plaintiff does not offer any actual factual allegations as to why Mr. Judd – 79 years old and at the end of a half-century career – chose to retire, or that his doing so was anything but voluntary.

The Amended Complaint does not come close to alleging that Mr. Judd intended to commit fraud. As such, the Section 10(b) claim asserted against Mr. Judd fails as a matter of law.

## STATEMENT OF FACTS

Defendant Gary Judd is the former Chairman of the Board of Directors and CEO of Sterling, retiring from those positions in November 2019.[2] (Compl. ¶ 268, PageID. 398.) Mr. Judd, who was 79 at the time of his retirement, began his career at Citibank, serving with that institution for over sixteen years, including assignments in New York, California, the Middle East, and India. (Ex. 1 at 18 (2018 10-K).) Prior to joining Sterling, Mr. Judd served as chairman of U.S. Bank's Denver, Colorado Board. (*Id.*)

Mr. Judd owns a significant amount of Sterling stock and consistently increased his ownership during the Class Period. At the time of Sterling's IPO on November 17, 2017, Mr. Judd owned 169,000 shares. (Ex. 2 (Judd November 16, 2017 Form 3).) Mr. Judd purchased an additional 7,600 shares in the IPO. (Ex. 3 (Judd November 21, 2017 Form 4.) He purchased more Sterling stock in 2018, adding 10,000 shares to his position. (Ex. 4 (Judd December 17, 2018 Form 4). The Amended Complaint does not allege that Mr. Judd sold any stock during the Class Period, and there is a good reason for that: Mr. Judd has never sold a single share of Sterling Stock.

---

[2] Plaintiff also incorporates by reference the Statement of Alleged Facts contained in Sterling's brief. (*See* Sterling. Br. at 7–19, PageID. 647–659.)

## ARGUMENT[3]

### I.   Mr. Judd's Purchases of Stock Negate Any Inference of Scienter.

In *Helwig v. Vencor, Inc.*, the Sixth Circuit identified an extensive list of factors that, if alleged in a complaint, may be indicative of a defendant's scienter.[4] 251 F.3d 540, 552 (6th Cir. 2001).  The Amended Complaint relies heavily on the first *Helwig* factor – suspicious insider trading.  (*See, e.g.*, Compl. ¶¶ 377–383, PageID. 446–449.)  But not only does the Amended Complaint fail to allege that Mr. Judd engaged in any suspicious trading (i.e., that Mr. Judd tried to profit from the allegedly inflated stock price, by selling shares before the fraud was discovered), public records demonstrate that Mr. Judd ***purchased*** 17,600 shares throughout the Class Period, without selling a single share.

---

[3] In the interest of brevity, Mr. Judd incorporates the legal standards set forth in Sterling's brief, including that the PSLRA dictates that Plaintiff plead a strong inference that Mr. Judd acted with the requisite intent to defraud. (*See* Sterling Br. at 20–25, PageID. 660–665.)

[4] The following is a full list of the *Helwig* factors: (i) insider trading at a suspicious time or in an unusual amount; (ii) divergence between internal reports and external statements on the same subject; (iii) closeness in time of an allegedly fraudulent statement or omission and the later disclosure of inconsistent information; (iv) evidence of bribery by a top company official; (v) existence of an ancillary lawsuit charging fraud by a company and the company's quick settlement of that suit; (vi) disregard of the most current factual information before making statements; (vii) disclosure of accounting information in such a way that its negative implications could only be understood by someone with a high degree of sophistication; (viii) the personal interest of certain directors in not informing disinterested directors of an impending sale of stock; and (ix) the self-interested motivation of defendants in the form of saving their salaries or jobs. *Id.*

In the Sixth Circuit, courts have regularly recognized that "the absence of insider trading actually *negates* an inference of scienter." *D.E. & J L.P. v. Conaway*, 284 F. Supp. 2d 719, 743 n.22 (E.D. Mich. 2003) (emphasis added) (collecting cases); *In re Comshare, Inc. Sec. Litig.*, No. 97-73711-DT, 1997 U.S. Dist. LEXIS 17262, at *28-29 (E.D. Mich. Sept. 18, 1997) ("CEO and CFO would have been essential participants in any scheme, thus, their having sold no stock, undermines any suggestion of knowledge on the part of defendants . . . ."); *Local 295/Local 851 IBT Emp'r Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp*, 731 F. Supp. 2d 689, 727 (S.D. Ohio 2010) ("[T]he failure to allege that insider trading occurred, goes a long way towards concluding that a strong inference of scienter has not been pled."); *PR Diamonds*, 364 F.3d at 691 ("courts have explained that the absence of inside sales dulls allegations of fraudulent motive").  Here, Mr. Judd's purchases of Sterling stock during the Class Period render the core of Plaintiff's case against him – that he knowingly made false and misleading statements to prop up Sterling's stock price – nonsensical.

## II. The Anonymous Witnesses Are Not Alleged to Have Had Any Contact with Mr. Judd.

In the Sixth Circuit, the "vague and conclusory" allegations of "anonymous sources" are not "accorded much weight." *Ley v. Visteon Corp.*, 543 F.3d 801, 811 (6th Cir. 2008) (citing *Higginbotham v. Baxter Int'l Inc.*, 495 F.3d 753, 757 (7th Cir. 2007) ("allegations from 'confidential witnesses' must be 'discounted' . . . . Usually

that discount will be steep.")). As to Mr. Judd, the alleged statements of anonymous witnesses – none of which mention Mr. Judd – are meaningless and raise no inference of scienter, at all.

The Amended Complaint includes the statement of one confidential witness, "FE 5," who speculates that "senior executives 'had to have known' what was going on," but neither FE 5 nor any of the other confidential witnesses recall any interaction or even contact with Mr. Judd. (Compl. ¶ 125, PageID. 325.) A confidential witness's generalized statements about what a high-level executive "had to know" "cannot substitute for specific facts through which a factfinder can strongly infer that the [defendant] knew of or recklessly disregarded the falsity" of the statements at issue, when those confidential witnesses do not purport to have had "any contact or interaction" with that defendant. *Konkol*, 590 F.3d at 401; *see also Chamberlain v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 719 (E.D. Mich. 2010) (where confidential witnesses failed to state what an individual defendant knew about the alleged fraud, court refused to infer the defendant's "fraudulent intent merely from his position in the company"). This case calls for the same result.

### III. The Core Operations Theory Fails to Establish Mr. Judd's Scienter.

In a similar vein, Plaintiff contends that Mr. Judd must have known about alleged misconduct at Sterling based on the "core operations" doctrine. (Compl. ¶ 355, PageID. 438–39.) That doctrine rests "on the presumption that high-level

executives generally know information about a company's core operations." *Stein v. United States Xpress Enters.*, No. 1:19-cv-98, 2020 U.S. Dist. LEXIS 114686, at \*109 (E.D. Tenn. June 30, 2020). That doctrine has been eviscerated by the passage of the PSLRA and cannot form the basis for pleading Mr. Judd's scienter.

Simply stated, the core operations doctrine contravenes the PSLRA's strict requirement that a complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *See* 15 U.S.C. § 78u-4(b)(2). The Sixth Circuit has yet to address the issue squarely; however, the Second Circuit (which developed the theory in the first place), recently noted that the doctrine's presumption did not survive the PSLRA, holding that the "naked assertion" of the core operations doctrine, "without more, is plainly insufficient to raise a strong inference of collective corporate scienter." *Jackson v. Abernathy*, 960 F.3d 94, 99 (2d Cir. 2020).

District courts in the Sixth Circuit have reached the same result. Only weeks ago, in *Stein v. United States Xpress Enterprises*, the Court emphasized the fundamental weakness of the doctrine, noting that, "even assuming the doctrine survives" the passage of the PSLRA, the officer defendants "[could not] be fairly presumed to know everything about" the day-to-day business of the company, absent well-pled and particular allegations to the contrary. 2020 U.S. Dist. LEXIS 114686, at \*119-20. Here too, there are **no** allegations from which to infer Mr. Judd's

knowledge of the falsity of any statement he made. Accordingly, the core operations doctrine cannot support an inference of Mr. Judd's scienter.

**IV. Mr. Judd's Retirement Does Not Establish Scienter.**

Plaintiff attempts to plead scienter by pointing to the timing of Mr. Judd's retirement on November 30, 2019. (Compl. ¶¶ 268, 362, 374, PageID. 398, 441, 446–47.) The Amended Complaint describes Mr. Judd's retirement as "abrupt," but offers no specific explanation as to why it was suspicious, except for summarily declaring: "The timing of Judd's resignation supports a strong inference of scienter." (Compl. ¶¶ 268, 362, PageID. 398, 441.) "Other than through [the Amended Complaint's] conclusory allegations," however, it alleges no specific facts that suggests Mr. Judd's departure from Sterling should create an inference of fraudulent intent. *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-cv-1106, 2019 U.S. Dist. LEXIS 203180, at *20 (N.D. Ohio Nov. 22, 2019). Indeed, the Amended Complaint also does not allege that Mr. Judd's decision to retire – in his late seventies, after a half-century career – was anything but voluntary. This too is indicative of a lack of scienter.[5] *Id.*

---

[5] In addition to the specific items addressed in this brief, the Amended Complaint also suggests – obliquely, as to Mr. Judd – that the existence of the OCC Report, and Sterling's failure to disclose that report, is evidence of fraudulent intent. Mr. Judd also joins in Sterling's arguments with respect to the OCC Report, including the reasons why it could not be disclosed as a matter of law, and the fact that the

## CONCLUSION

As to Mr. Judd, the Amended Complaint has failed to plead scienter. For that reason, and the many reasons set forth in Sterling's brief, the Amended Complaint should be dismissed with prejudice.

In addition, for all the reasons identified in Sterling's brief, including Plaintiff's failure to allege that Mr. Judd made a material misstatement, Plaintiff's Section 10(b) and Section 11 claims as asserted against Mr. Judd should be dismissed in their entirety. (*See* Sterling Br. at 29–49, PageID. 669–689.) Finally, as explained in Sterling's brief, the control person claims asserted against Mr. Judd should be dismissed for lack of an underlying violation of the securities laws. (*Id.* at 68–70, PageID. 708–710.)

Date:   September 22, 2020

/s/ Brett D. Jaffe

Brett D. Jaffe
Joseph G. Tully
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
*Counsel for Defendant Gary Judd*

---

Amended Complaint fails to allege that any statement by any defendant (including Mr. Judd) with regard to issues addressed by the OCC report were knowingly false. (*See* Sterling Br. at 49–55, PageID. 689–95.)

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, I electronically filed the foregoing using the CM/ECF system, which will electronically notify all counsel of record of such filing.

/s/ Brett D. Jaffe

Brett D. Jaffe