## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>    Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>Hon. Mag. Judge Elizabeth A. Stafford<br><br>**CLASS ACTION** |

## **LEAD PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE**

For the reasons stated in the attached Memorandum in support, Plaintiff Oklahoma Police Pension and Retirement System ("Plaintiff") moves this Court to take Judicial Notice of four documents, which are Defendant Sterling Bancorp, Inc.'s U.S. Securities and Exchange Commission filings, or portions thereof, annexed to the Declaration of Kristin J. Moody in Support of Lead Plaintiff's Motion to Take Judicial Notice. Pursuant to Local Rule 7.1, Plaintiff has sought concurrence from opposing counsel in the relief sought on December 3, 2020; however, such concurrence was not forthcoming. *See* L.R. 7.1(a)(2)(A).

DATED:  December 4, 2020            Respectfully submitted,

**BERMAN TABACCO**

By:  /s/ *Kristin J. Moody*
        Kristin J. Moody

Carl N. Hammarskjold
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: kmoody@bermantabacco.com
         chammarskjold@bermantabacco.com

-and-

Patrick T. Egan
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com

*Counsel for Lead Plaintiff Oklahoma Police
Pension and Retirement System and Interim
Lead Counsel for the Putative Class*

Paul F. Novak
Fisher Building
**WEITZ & LUXENBERG**
3011 West Grand Blvd., 24th Floor
Detroit, MI 48202
Telephone: (313) 800-4170
Facsimile: (646) 293-7992
Email: pnovak@weitzlux.com

*Local Counsel for Lead Plaintiff Oklahoma
Police Pension and Retirement System and
Interim Local Counsel for the Putative Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>        Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>Hon. Mag. Judge Elizabeth A. Stafford<br><br>**CLASS ACTION** |

## LEAD PLAINTIFF'S MEMORANDUM
## IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE

## STATEMENT OF THE ISSUES PRESENTED

1.      Whether the Court should take judicial notice of Lead Plaintiff's four exhibits, which are U.S. Securities and Exchange Commission filings, or portions thereof, for the fact that such filings exist and that the statements therein were made, and not for the truth of the matters asserted therein?

Lead Plaintiff's Answer:  Yes.

i

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

*In re Omnicare, Inc. Sec. Litig.*,
769 F.3d 455 (6th Cir. 2014)

*In re EveryWare Glob., Inc. Sec. Litig.*,
175 F. Supp. 3d 837 (S.D. Ohio 2016), *aff'd sub nom.*
*IBEW Local No. 58 Annuity Fund v. EveryWare Glob., Inc.*,
849 F.3d 325 (6th Cir. 2017)

ii

Pursuant to Federal Rule of Evidence 201, and in connection with the Lead Plaintiff Oklahoma Police Pension and Retirement System's ("Plaintiff") Opposition to Defendants' Motion to Dismiss, Plaintiff respectfully requests the Court take judicial notice of the following documents attached to the Declaration of Kristin J. Moody in Support of Lead Plaintiff's Motion to Take Judicial Notice ("Moody Decl." or "Moody Declaration") filed herewith:

1. Excerpts of Sterling Bancorp, Inc.'s ("Sterling" or the "Company") Prospectus on Form 424b4 filed with the U.S. Securities and Exchange Commission ("SEC") on November 17, 2017, which was incorporated by refence in Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws, filed July 2, 2020 (Dkt. #36) (the "Complaint") (Moody Decl. Ex. A) (cited herein as "Prospectus Excerpts");

2. K.I.S.S. Dynasty Trust No. 9's: (i) Initial Statement of Beneficial Ownership of Securities on Form 3, filed with the SEC on November 21, 2017; and (ii) Statement of Changes in Beneficial Ownership, Form 4, filed with the SEC on December 5, 2017 (Moody Decl. Ex. B) (cited herein as "Seligman Forms 3 and 4"); and

3. Excerpts of Sterling Bancorp, Inc.'s Annual Report on Form 10-K for the full year ending December 31, 2019, filed with the SEC on October 6, 2020 ("2019 10-K") (Moody Decl. Ex. C) (cited herein as "2019 10-K Excerpts").

## I.  ARGUMENT

In ruling on a motion to dismiss, the Court "may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Emps. Pension Fund v.*

1

*Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). Courts may take judicial notice of SEC filings for "the fact that [the document was filed] and what that filing said, but [can]not consider the statements contained in the document for the truth of the matter asserted." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014); *see also In re EveryWare Glob., Inc. Sec. Litig.*, 175 F. Supp. 3d 837, 850 (S.D. Ohio 2016), *aff'd sub nom. IBEW Local No. 58 Annuity Fund v. EveryWare Glob., Inc.*, 849 F.3d 325 (6th Cir. 2017).

As set forth below, Plaintiff seeks judicial notice limited to four documents filed with the SEC, only for the fact that the documents were filed and said what they said, and not for the truth of the matters asserted therein. *See In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp. 2d 858, 877-78 (E.D. Tenn. 2005) (court could take judicial notice of the existence of Form 4s and the specific statements or allegations contained within those documents to show that the statements were made).

**A.    The Court Should Take Judicial Notice of the Prospectus Excerpts and Seligman Forms 3 and 4 Offered In Response to Defendants' Arguments Which Rely On Information Outside of the Complaint *If* the Court Takes Judicial Notice of or Considers Defendants' Information**

Plaintiff seeks judicial notice of the Prospectus Excerpts and Seligman Forms 3 and 4. Plaintiff offers the exhibits solely to respond to certain of Defendants' arguments which rely on Defendants' submission of exhibits and

information outside of the Complaint and to demonstrate that these documents contain certain statements. *See, e.g., TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 374 n. 2 (S.D.N.Y. 2010) (court would consider exhibits cited in reply brief in determining motion where defendant's documents simply responded to allegations plaintiff raised in its papers in opposition), *aff'd in part*, 647 F.3d 472 (2d Cir. 2011), and *aff'd in part*, 435 F. App'x 31 (2d Cir. 2011).

Plaintiff offers the Prospectus Excerpts and the Seligman Forms 3 and 4 in response to Defendants' insider trading arguments for which they rely on Form 4s of Defendants Gary Judd ("Judd"), Thomas Lopp ("Lopp"), Michael Montemayor ("Montemayor"), and the trusts associated with Scott Seligman ("Seligman"),[1] none of which documents the Complaint cites nor references in any way,[2] to demonstrate that Defendants made a statement therein that Mr. Seligman "disclaim[ed] beneficial ownership except to the extent of his pecuniary interest, if any, therein" in certain of those trusts and regarding the holdings of Seligman's trusts. Moody Decl. Ex. A, at 116.

---

[1] The trusts are the K.I.S.S. Dynasty Trust No. 5, the K.I.S.S. Dynasty Trust No. 9, the Scott J. Seligman Revocable Living Trust, and the Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust.

[2] Dkt. #56, PageID.599-602 (citing Seligman Exs. 1-A, 1-B, 1-C, and 1-D); Dkt. #57, PageID.703 (citing Sterling Ex. K); Dkt. #63, PageID.898 (citing Judd Exs. 3 & 4); Dkt. #59, PageID.851 (citing Lopp Exs. 1-5); Dkt. #55, PageID.566 (citing Montemayor Ex. A).

Plaintiff also offers the Prospectus excerpts to demonstrate that Sterling made the statements that Montemayor's "Position(s) with the Company [were]:  President Commercial and Retail Banking, Chief Lending Officer" (Moody Decl. Ex. A, at 101) and that "Mr. Montemayor has served as our Chief Lending Officer since 2006 and has been with the Company since 1992.  He has also served as Executive Vice President from 2006 to 2016 and President of Commercial and Retail Banking from December 2016 to present…." (Moody Decl. Ex. A, at 4, 81, 104, 108), which contradicts Montemayor's assertion that he held the positions at the Sterling Bank and Trust, F.S.B. (the "Bank"), rather than at the Company, relying on a quote from a Sterling Press Release, which quote is not included in the Complaint and which Press Release Montemayor does not attach as an exhibit.[3]

Plaintiff has noted that the Court should not consider Defendants' exhibits and the Press Release quote to the extent they are offered for the truth of the matters asserted therein.  *See* Lead Plaintiff's Opposition to Defendants' Motions to Dismiss filed contemporaneously herewith.  However, if the Court takes judicial notice of such exhibits and information, it should also take judicial notice of the Prospectus Excerpts (Moody Decl. Ex. A) and Seligman Forms 3 and 4 (Moody Decl. Ex. B)

---

[3] Dkt. #55, PageID.566, 569 (quoting without attaching June 27, 2019 Press Release).

4

submitted by Plaintiff in response.  In any event, none should be considered for the truth of the matter asserted.  *See Unumprovident*, 396 F. Supp. 2d at 877-78.

### B.      Form 10-Ks Filed with the SEC Are Subject to Judicial Notice

Plaintiff asks the Court to take judicial notice of the 2019 10-K Excerpts.  The 2019-K was filed after Plaintiff's Complaint was filed but relates to the full year 2019, all of which was during the Class Period.  Plaintiff does not offer the document for the truth of the matter asserted, but only for the fact that Sterling made the statements therein.  *Omnicare*, 769 F.3d at 467; *see also EveryWare Glob.*, 175 F. Supp. 3d at 850.  Those statements include:

- That Sterling terminated over 100 officers and employees, including more than 35 loan officers, in connection with the violations at the Advantage Loan Program ("ALP").  Moody Decl. Ex. C at 6, 38-39, 64.

- "The Internal Review results indicate numerous instances of misconduct by employees in connection with the origination of residential mortgage loans in our Advantage Loan Program .... Results from the Internal Review have indicated that certain employees engaged in misconduct in connection with the origination of a significant number of such loans, including with respect to verification of income, the amount of income reported for borrowers, reliance on third parties, and related documentation."  Moody Decl. Ex. C at 26.

- "The Internal Review has revealed instances of the Bank's failure to comply with federal regulations governing the origination of residential mortgage loans, including rules governing the verification of a borrower's ability to repay a loan."  Moody Decl. Ex. C at 29.

5

- "[I]n the fourth quarter of 2019, our board of directors became aware of significant compliance issues in connection with the origination of residential mortgage loans under the Advantage Loan Program, which ultimately led to the voluntary suspension, and then permanent discontinuation, of the Advantage Loan Program." Moody Decl. Ex. C at 64.

- That the Company's disclosure controls and procedure were not effective as of December 31, 2019; there were material weaknesses in its internal control over financial reporting and failure to promptly remediate them; there is a reasonable possibility that a material misstatement of its annual or interim financial statements would not be prevented or detected; there were material weaknesses in the internal controls and risk assessment and identification related to the ALP, including a lack of independence between different functions and regarding identifying and assessing risks in the program that could create fraud risks. Moody Decl. Ex. C at 29, 34-35, 154-56.

- That Sterling's commission programs and plans in 2019 and prior years did not properly account for potential risk and contributed to the misconduct. Moody Decl. Ex. C at 172.

- That as a result of the misconduct, remedial actions taken by the Company include Clawback Policies, "which provides for the recoupment of certain cash and equity incentive compensation from executive officers in the event of an accounting restatement and/or detrimental conduct"; "due to material noncompliance with securities laws"; and revising its compliance programs, internal controls, risk assessment, and its code of conduct regarding the report of suspicious activity and developing manuals and training regarding loan origination. Moody Decl. Ex. C at 155-56, 171, 179-80.

- That Sterling made offers to repurchase 100% of sold ALP loans, and that as of December 31, 2019, the unpaid principal balance of residential mortgage loans sold that were subject to potential repurchase obligations for breach of representations and warranties totaled $759,568,000, meaning that at least over three quarters of one billion dollars in loans outstanding as of that date

6

were potentially originated improperly and in violation of federal regulations.  Moody Decl. Ex. C at 5, 29, 64, 86, 88, 145.

- That Sterling's 2019 profits were a 54 percent decline from the year before and roughly half of the $57 million what was initially reported in unaudited financial statements in January 2020. Moody Decl. Ex. C at 66, 80.

- That Defendant Scott Seligman had "resigned from his positions as consulting director to the board of the Bank and as vice president of the Company effective December 31, 2019." Moody Decl. Ex. C at 54.

- That U.S. Department of Justice and U.S. Treasury's Office of the Comptroller of the Currency ("OCC") investigations are ongoing, the Company remains subject to the 2018 OCC Agreement[4] and that the Bank is also subject to certain restrictions on expansion activities.  Moody Decl. Ex. C at 6, 26.

Accordingly, the Court should take judicial notice of the 2019 10-K Excerpts.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of Moody Declaration Exhibits A, B, and C, for the purposes discussed herein.

---

[4] The agreement dated June 18, 2019 by and between Sterling Bank and Trust, F.S.B. and the OCC filed with the SEC on August 9, 2019 as Exhibit 10.1 to Sterling's Form 10-Q for the quarterly period ended June 30, 2019.

DATED:  December 4, 2020          Respectfully submitted,

**BERMAN TABACCO**

By:  */s/ Kristin J. Moody*
        Kristin J. Moody

Carl N. Hammarskjold
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: kmoody@bermantabacco.com
        chammarskjold@bermantabacco.com

    -and-

Patrick T. Egan
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com

*Counsel for Lead Plaintiff Oklahoma Police*
*Pension and Retirement System and Interim*
*Lead Counsel for the Putative Class*

Paul F. Novak
Fisher Building
**WEITZ & LUXENBERG**
3011 West Grand Blvd., 24th Floor
Detroit, MI 48202
Telephone: (313) 800-4170
Facsimile: (646) 293-7992
Email: pnovak@weitzlux.com

*Local Counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System and Interim Local Counsel for the Putative Class*

9

**CERTIFICATE OF SERVICE**

I, Kristin J. Moody, of Berman Tabacco, hereby certify that on December 4,

2020, I electronically transmitted the foregoing document via the Court's CM/ECF

System, which will notify all counsel of record authorized to receive such filings.


*/s/ Kristin J. Moody*
Kristin J. Moody

Carl N. Hammarskjold
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email:  kmoody@bermantabacco.com
        chammarskjold@bermantabacco.com