# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>              Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>Hon. Mag. Judge Elizabeth A. Stafford<br><br>**CLASS ACTION** |

## DECLARATION OF KRISTIN J. MOODY IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

I, Kristin J. Moody, declare:

1. I am a partner in the San Francisco office of Berman Tabacco, the Court-appointed Interim Lead Counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System ("Lead Plaintiff") and the proposed class in the above-captioned matter. I submit this declaration in support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement.

2. On May 1, 2020, this Court appointed Oklahoma Police Pension and Retirement System as Lead Plaintiff for the Class and approved Lead Plaintiff's choice of the law firm of Berman Tabacco as Interim Lead Counsel in the class action. *See* ECF No. 18.

3. On July 2, 2020, after extensive investigation by Interim Lead Counsel, Lead Plaintiff filed its Amended Class Action for Violation of Federal Securities Laws ("Complaint") against Defendants Sterling Bancorp, Inc. ("Sterling"), Gary Judd, Thomas Lopp, Michael Montemayor, Scott Seligman, Barry Allen, Jon Fox, Seth Meltzer, Sandra Seligman, Peter Sinatra, Benjamin Wineman, Lyle Wolberg, Piper Sandler Companies, and American Capital Partners, LLC (collectively referred to as the "Defendants"), which is the operative complaint in this Action. *See* ECF No. 36. The Complaint alleges violations of Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934

(the "Exchange Act") and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

4.  On September 22, 2020, Defendants filed their motions to dismiss the Complaint. *See* ECF Nos. 55-63. Lead Plaintiff thereafter opposed the motions on December 4, 2020. *See* ECF No. 69.

5.  Both before and after filing the Complaint, Lead Plaintiff, through Interim Lead Counsel, undertook a thorough investigation, including, *inter alia*: (a) interviews with numerous former employees of Sterling; (b) consultation with an accounting consultant; (c) detailed reviews of Sterling's public filings, annual reports, press releases and other public statements; (d) review of analysts' reports and articles in the financial press relating to Sterling; (e) research of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto; and (f) legal research and briefing in opposition to Defendants' motions to dismiss. Interim Lead Counsel have also consulted extensively with a damages consultant with regard to the claims asserted in the Complaint.

6.  During the briefing on the motions to dismiss, the parties conferred and agreed to participate in two mediation sessions on January 11 and 12, 2021.

7.  Prior to the mediation sessions, the parties exchanged mediation statements, including their positions on liability and damages.

8. On January 11 and 12, 2021, the parties engaged in intensive, arm's-length settlement negotiations under the close supervision of an experienced, noted mediator, Hon. Gerald E. Rosen (Ret.) of JAMS, Inc.

9. In connection with the motions to dismiss, the parties exchanged extensive analyses of the legal and factual issues, including issues relating to falsity, scienter, and loss causation. For example, Defendants claim that none of the challenged statements were false and misleading when made and that certain allegations are either corporate mismanagement or puffery, which are not actionable. Defendants also claim that Lead Plaintiff's scienter allegations fail, including the allegations based on stock sales. Defendants would also likely argue that even if Lead Plaintiff could establish liability, Settlement Class Members will have trouble showing what part of the stock-price decline is attributable to the alleged fraud rather than other company-specific bad news.

10. The mediation session ended with parties reaching an agreement in principle as to the terms of the Settlement with payment of $12,500,000 to the Settlement Class. A true and correct copy of the executed Stipulation of Settlement, dated April 16, 2021 ("Stipulation") is attached hereto as Exhibit 1. Terms not otherwise defined herein have the same meaning as set forth in the Stipulation and documents appended thereto.

11. Based on Interim Lead Counsel's consultation with a damages consultant, the $12.5 million recovery under the proposed Settlement constitutes over 20% of the most likely recoverable damages, assuming Lead Plaintiff prevailed on all claims against the Defendants.

12. Given the risks of litigation and the fact that, even where a plaintiff's case appears strong, there is no guarantee against a defense verdict, Interim Lead Counsel believes that the proposed Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

13. Interim Lead Counsel intends to request an attorney fee award no greater than 25% of the settlement amount (approximately $3,125,000).

14. The Plan of Allocation is based on the assumption that the price of Sterling Common Stock was artificially inflated throughout the Settlement Class Period. The computation of the estimated alleged artificial inflation in the price of Sterling Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff. The Plan of Allocation sets forth Recognized Loss estimates based on Lead Plaintiff's determination, based on consultation with its damages consultant, that corrective disclosures removed artificial inflation from the price of Sterling Common Stock

on December 9, 2019, March 9, 2020, and March 18, 2020 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, Sterling Common Stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

15. After a competitive bidding process, Lead Plaintiff has retained an experienced Claims Administrator, A.B. Data, Ltd.

16. I have been informed by counsel for Defendant Sterling that Defendants do not oppose this motion. Defendants take no position on any of the calculations contained in this declaration, including Lead Counsel's calculations of likely recoverable damages, average distribution per share, attorneys' fees per share, or estimated administration costs.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California, on April 16, 2021.

                                         */s/ Kristin J. Moody*
                                         Kristin J. Moody