# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS |

## STIPULATION OF SETTLEMENT

Subject to the approval of the Court, the Settlement contained herein is made and entered into by and between the following Settling Parties to the Action:  Lead Plaintiff on behalf of itself and the Settlement Class, by and through its counsel of record in the Action; and Defendants, by and through their counsel of record in the Action.  The Settlement is intended to fully, finally, and forever resolve, discharge,

1

and settle the Action and the Released Claims (including Unknown Claims, as defined below) upon and subject to the terms and conditions set forth herein.  All terms with initial capitalization shall have the meanings ascribed to them in Section IV(1) ("Definitions") below.

## I.    THE ACTION

On February 26, 2020, the initial complaint in this action was filed against Defendants in this Court asserting violations of the federal securities laws: *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 20-cv-10490-AJT-EAS.  On February 26, 2020, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a notice of action was published, which provided a deadline to seek lead plaintiff appointment by April 27, 2020.  On March 19, 2020, the Court reassigned *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 20-cv-10490-AJT-EAS to the Honorable Judge Judith E. Levy for all purposes.

By Order dated May 1, 2020, the Court: (i) appointed Oklahoma Police Pension and Retirement System ("OPPRS") as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), and Section 27D(a)(3)(B) of the Securities Act of 1933

("Securities Act"), 15 U.S.C. §77z-1(a)(3)(B); and (ii) appointed Berman Tabacco as Interim Lead Counsel and Weitz & Luxenberg as Interim Liaison Counsel.[1]

On July 2, 2020, Lead Plaintiff filed its Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). Specifically, the Complaint asserts the following claims:

Count I, alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against Sterling Bancorp, Inc. ("Sterling") and the Officer Defendants only;

Count II, alleging violations of Section 20(a) of the Exchange Act against the Officer Defendants and Scott Seligman only;

Count III, alleging a violation of Section 20A of the Exchange Act against Scott Seligman only;

Count IV, alleging violations of Section 11 of the Securities Act against only Sterling, Gary Judd, Thomas Lopp, the Director Defendants, and the Underwriter Defendants based solely on claims of strict liability and/or negligence, and

---

[1] That Order provides that "Interim Lead Counsel and Interim Local Counsel will be converted to Lead Counsel and Local Counsel if there is no objection from the Individual Defendants and other Plaintiffs by the time the scheduling conference in this case." ECF No. 18 at 3. There have been no such objections lodged.

expressly excluding any allegation that could be construed as alleging fraud, recklessness, or intentional misconduct.

Count V, alleging violations of Section 12(a)(2) of the Securities Act against only Sterling and the Underwriter Defendants based solely on claims of strict liability and/or negligence, and expressly excluding any allegation that could be construed as alleging fraud, recklessness, or intentional misconduct.

Count VI, alleging violations of Section 15 of the Securities Act against only the Officer Defendants, Scott Seligman, and the Director Defendants based solely on claims of strict liability and/or negligence, and expressly excluding any allegation that could be construed as alleging fraud, recklessness, or intentional misconduct.

The Complaint alleges these claims on behalf of all those who purchased or otherwise acquired Sterling (SBT) common stock, from November 17, 2017 through and including March 17, 2020, including shares sold in the initial public offering which commenced on November 17, 2017, and were damaged as a result.

On September 22, 2020, Defendants moved to dismiss the Complaint. By order dated November 25, 2020, Judge Judith E. Levy referred the pending motions to dismiss to Magistrate Judge Elizabeth A. Stafford. On December 4, 2020, Lead Plaintiff opposed Defendants' motions to dismiss.

During the briefing on the motions to dismiss, the parties commenced mediation efforts presided over by the Hon. Gerald E. Rosen (Ret.) of JAMS, Inc. The parties participated in two all-day mediations sessions with Judge Rosen on January 11 and 12, 2021. At the end of the second day, the parties had reached an agreed upon amount for the Settlement of this action and negotiated key terms of the Settlement. On January 27, 2021, the parties executed an agreement in principle to settle this Action, which contemplated the preparation and submission of this Stipulation of Settlement.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has denied and continues to deny each and all of the claims, contentions and allegations made in the Action. Defendants have expressly denied and continue to deny all charges of fault, liability, and/or wrongdoing made against them arising out of any of the conduct, statements, acts or omissions alleged in this Action, including those contained in the Complaint.

Nonetheless, Defendants have concluded that further conduct of the Action would be protracted, distracting, burdensome, and expensive. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever

5

resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

This Stipulation shall in no way and in no event be construed as or deemed to be an admission or concession of any fault, liability, wrongdoing, or damage whatsoever.

## III. CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Counsel have conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Action. Specifically, the investigation included, *inter alia*: (i) interviews with many former Sterling employees; (ii) extensive consultation with, and analysis by, damages and accounting consultants; (iii) detailed reviews of Sterling public filings, annual reports, press releases, and other publicly available information; (iv) review of analysts' reports and articles relating to Sterling; and (v) research of the applicable law with respect to the claims asserted in the complaints filed in the litigation and the potential defenses thereto.

Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and any appeals. Lead Plaintiff and Lead Counsel have also taken into

account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action here, as well as the difficulties and delays inherent in such litigation. Lead Counsel is also mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers a meaningful benefit on the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, it is hereby STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Settlement Class Members) and Defendants, by and through their respective attorneys of record, being fully authorized to enter into this Stipulation, as follows:

### 1. Definitions

As used in this Stipulation, the following terms shall have the meanings specified below. In the event of any inconsistency between any definition set forth below and any definition set forth in this document or in any other document related to the Settlement, the definition set forth below shall control.

1.1 "Action" means the above-captioned class action, as described in Section I, above.

1.2 "Authorized Claimant" means any Settlement Class Member who has submitted a timely and valid Claim to the Claims Administrator (in accordance with the requirements established by the Court), whose claim for recovery has been approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation, and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation or any order of the Court.

1.3 "Claim" means a completed and executed Claim Form that has been submitted to the Claims Administrator in accordance with the instructions on the Claim Form.

1.4 "Claim Form" means the Proof of Claim and Release Form (substantially in the form attached hereto as Exhibit A-2) that a putative Settlement Class Member must complete and timely submit to the Claims Administrator if that Settlement Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

1.5 "Claimant" means a Person who has submitted a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.6 "Claims Administrator" means A.B. Data, Ltd., or other claims administrator selected by Lead Counsel, subject to Court approval, to provide all

8

notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.7    "Complaint" means the Amended Class Action Complaint for Violation of Federal Securities Laws, filed in this Action on July 2, 2020.

1.8    "Court" means the United States District Court for the Eastern District of Michigan.

1.9    "Defendants" means Sterling Bancorp, Inc., Gary Judd, Thomas Lopp, Michael Montemayor, Scott Seligman, Barry Allen, Jon Fox, Seth Meltzer, Sandra Seligman, Peter Sinatra, Benjamin Wineman, Lyle Wolberg, Piper Sandler Companies, and American Capital Partners, LLC.

1.10   "Defendants' Counsel" means the law firms of Levine Lee LLP; Miller, Canfield, Paddock and Stone, PLC; Dickinson Wright; Alston & Bird LLP; Warner Norcross + Judd LLP; Mayer Brown LLP; Cleary Gottlieb Steen & Hamilton LLP; Swanson & McNamara LLP; Altior Law, P.C.; Wachtell Lipton, Rosen & Katz; Hertz Schram PC; and Clark Hill PLC.

1.11 "Defendants' Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever (including, without limitation, Unknown Claims, as defined in ¶1.48 herein), whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated,

9

accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory (including, without limitation, claims for negligence, gross negligence, recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or regulation, violation of the common law, violation of administrative rule or regulation, tort, breach of contract, violation of international law or violation of the law of any foreign jurisdiction) against Plaintiffs' Releasees that arise out of or relate to the commencement, prosecution, or settlement of the claims asserted in the Action.   Notwithstanding the foregoing, "Defendants' Released Claims" does not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

1.12   "Defendants' Releasees" means, collectively, each and all of (i) the Defendants, the members of each Individual Defendant's immediate family, any entity in which any Individual Defendant or member of any Individual Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his/her family, the Officer Defendants, the Director Defendants, and the Underwriter Defendants, and all of

10

their respective parents, subsidiaries, affiliates, successors, and assigns, in their respective capacities as such; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

1.13 "Director Defendants" means Barry Allen, Jon Fox, Seth Metlzer, Sandra Seligman, Peter Sinatra, Benjamin Wineman, and Lyle Wolberg.

1.14 "Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.15 "Effective Date" means the first date by which all of the events and conditions specified in ¶11.1 herein have been met and have occurred, at which time the Settlement described in this Stipulation shall become effective.

11

1.16 "Settlement Fund Account" means an interest-bearing account maintained by and at the Escrow Agent.

1.17 "Escrow Agent" means The Huntington National Bank.

1.18 "Final" means, with respect to any order of Court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when:  (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rules 52(b) or 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of *certiorari*, or other proceeding involving writs of *certiorari* or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order or the part of an order adopting or approving a Plan of Allocation or solely to any order or the part of an order issued with respect to an application for attorneys' fees and expenses pursuant

to ¶7.1 through ¶7.3 herein shall not in any way delay or preclude the Judgment from becoming Final.

1.19   "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.20   "Founding Family" means Scott Seligman, Sandra Seligman, and Seth Metlzer.

1.21   "Individual Defendant" means each of Gary Judd, Thomas Lopp, Michael Montemayor, Scott Seligman, Barry Allen, Jon Fox, Seth Meltzer, Sandra Seligman, Peter Sinatra, Benjamin Wineman, and Lyle Wolberg.

1.22   "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be entered by the Court, substantially in the form attached hereto as Exhibit B.

1.23   "Lead Counsel" and "Interim Lead Counsel" means the law firm of Berman Tabacco.

1.24   "Lead Plaintiff" means Oklahoma Police Pension and Retirement System.

1.25   "Liaison Counsel" and "Interim Liaison Counsel" means the law firm of Weitz & Luxenberg, P.C.

1.26 "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

1.27 "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other costs, expenses or amounts as may be approved by the Court.

1.28 "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to the Settlement Class Members.

1.29 "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process.

1.30 "Officer Defendants" means Gary Judd, Thomas Lopp, and Michael Montemayor.

1.31 "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company,

14

joint venture and joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

1.32 "Plan of Allocation," as further defined in the Notice, means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, or such other plan of allocation as the Court shall approve, whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

1.33 "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Settlement Class.

1.34 "Plaintiffs' Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever (including, without limitation, Unknown Claims, as defined in ¶1.48 herein), whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory (including, without limitation, claims for negligence, gross negligence, recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any

15

federal or state statute, rule or regulation, violation of the common law, violation of administrative rule or regulation, tort, breach of contract, violation of international law or violation of the law of any foreign jurisdiction) that Lead Plaintiff or any other Member of the Settlement Class  asserted in the Action or could have or might have asserted in the Action and/or in any other litigation, action or forum against Defendants' Releasees that (i) relate to any purchase, sale or acquisition of, or decision to hold Sterling common stock during the Settlement Class Period; and (ii) arise out of, are based upon, or are related in any way, directly or indirectly, in whole or in part, to the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth or referred to in the Action. Notwithstanding the foregoing, "Plaintiffs' Released Claims" do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims asserted on behalf of Sterling in any derivative action based on similar allegations ("Excluded Plaintiffs' Claims").

1.35  "Plaintiffs' Releasees" means (i) Lead Plaintiff, its attorneys and all other Settlement Class Members; (ii) the current and former parents, officers, directors, affiliates, subsidiaries, successors, predecessors, assigns assignees, and immediate family members of each of the foregoing in (i); and (iii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents,

16

affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

1.36 "Released Claims" means all Defendants' Released Claims and all Plaintiffs' Released Claims.

1.37 "Released Persons" means all Plaintiffs' Releasees and Defendants' Releasees.

1.38 "Settlement" means this Stipulation of Settlement and the settlement contained herein.

1.39 "Settlement Class" means all those who purchased or otherwise acquired Sterling Bancorp, Inc. (SBT) common stock, from November 17, 2017 through and including March 17, 2020, including shares sold in the initial public offering that commenced on November 17, 2017, and were damaged as a result. Excluded from the Settlement Class are Defendants herein; members of the

17

immediate family of each of the Defendants; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, including trusts associated with members of the Founding Family and the selling shareholders; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons and entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

1.40 "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class.

1.41 "Settlement Class Period" means November 17, 2017 through and including March 17, 2020, inclusive.

1.42 "Settlement Fund" means the sum of twelve million, five hundred thousand dollars ($12,500,000) in cash, which Defendants shall cause to be deposited into the Settlement Fund Account on or before fifteen (15) business days after entry of the Preliminary Approval Order, plus all interest and income earned thereon.

1.43 "Settling Parties" means, collectively, (i) Defendants; and (ii) Lead Plaintiff on behalf of itself and the Settlement Class Members.

1.44 "Stipulation" means this Stipulation of Settlement.

1.45 "Summary Notice" means the Summary Notice (substantially in the form attached hereto as Exhibit A-3) to be published as set forth in the Preliminary Approval Order.

1.46 "Underwriter Defendants" means Piper Sandler Companies and American Capital Partners, LLC.

1.47 "Taxes" means: (i) all federal, state and/or local taxes of any kind (including estimated taxes, interest or penalties) on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

1.48 "Unknown Claims" means, collectively, any and all of Plaintiffs' Released Claims that the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Defendants' Releasees, and any of Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs' Releasees which, if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement with and release of the Defendants' Releasees and Plaintiffs' Releasees, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself,

19

or itself from the Settlement Class.  Unknown Claims include, without limitation, those Released Claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and relinquish, and each Settlement Class Member and Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Defendants further expressly waive and relinquish, and each Settlement Class Member and each Plaintiff's Releasees and Defendants' Releasees shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code §1542.  It is understood that Lead Plaintiff and Defendants and each

20

Settlement Class Member and each Plaintiffs' Releasees and Defendants' Releasees, or any of them, may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, they shall expressly fully, finally, and forever discharge, settle, and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, grossly negligent, reckless, deliberately reckless or intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waivers of Released Claims that are Unknown Claims, including the provisions, rights and benefits of §1542 of the California Civil Code (and the inclusion of "Unknown Claims" in the definition of Released Claims) was separately bargained for and is a material element of the Settlement.

**2.      Certification of Settlement Class**

2.1      The Settling Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action.  For purposes of this Stipulation and Settlement only, the Settling Parties stipulate to: (i) the certification, for settlement purposes only, of a Settlement Class (as defined in ¶1.39 herein), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of Lead Plaintiff as the class representative for the Settlement Class; and (iii) the appointment of Lead Counsel as counsel to the Settlement Class.

2.2      The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final.  Defendants expressly reserve the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

**3.      Releases and Bar Order**

3.1     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims (including Unknown Claims) as against any and all Defendants' Releasees and Plaintiffs' Releasees.

3.2     Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any other Person claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Claims Administrator) any distribution from the Net Settlement Fund, shall have, and by operation of law and of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and all of the Plaintiffs' Released Claims (including Unknown Claims) against each and all of the Defendants' Releasees, and shall have covenanted not to sue any Defendants' Releasees with respect to any Plaintiffs' Released Claim except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto.  Also upon the Effective Date, Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any other Person claiming

23

(now or in the future) through or on behalf of any of them directly or indirectly, shall have, and by operation of law and of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendants' Released Claims (including Unknown Claims) against each and all of the Plaintiffs' Releasees, and shall have covenanted not to sue any of the Plaintiffs' Releasees with respect to any Defendants' Released Claim except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto. The foregoing provisions shall not apply to any Person who independently would be a member of the Settlement Class and timely excludes himself, herself, or itself. By entering into this Stipulation, Lead Plaintiff and Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Claims, or any of them, to any other Person. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law and of the Judgment to have acknowledged, that the foregoing waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the California Civil Code was separately bargained for and is a material element of the Settlement of which the release in this paragraph is a part.

3.3    Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, and any other Person acting through or on behalf of Lead Plaintiff

24

or any Settlement Class Member (including, without limitation, spouses, heirs, executors, beneficiaries, administrators, successors and assigns), now or in the future, shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of Plaintiffs' Released Claims (including any Unknown Claims) against any Defendants' Releasees in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind. Also upon the Effective Date, Defendants, and any other Person acting through or on behalf of any Defendant (including, without limitation, spouses, heirs, executors, beneficiaries, administrators, successors, and assigns), now or in the future, shall be forever permanently barred, enjoined, and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of Defendants' Released Claims (including any Unknown Claims) against any of the Plaintiffs' Releasees in the Action or in any other action or any proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

3.4     The Claim Form to be executed by Claimants shall release all Plaintiffs'

Released Claims (including Unknown Claims) against all Defendants' Releasees and

shall be substantially in the form attached hereto as Exhibit A-2.

## 4.     The Settlement Consideration

4.1     As full consideration for the Settlement, Defendants shall cause to be

deposited the principal amount of the Settlement Fund ($12,500,000) into the

Settlement Fund Account no later than fifteen (15) business days after entry of the

Preliminary Approval Order pursuant to wire and/or funding instruction by Lead

Counsel.  Lead Counsel shall provide to Sterling any necessary tax forms or other

information requested to facilitate the payment, no more than ten (10) calendar days

after the execution of this Stipulation.

4.2     Other than this obligation of Defendants to cause this amount to be

deposited into the Settlement Fund Account, under no circumstances will any of the

Defendants' Releasees have any obligation to make any payment pursuant to this

Settlement set forth herein, and no Defendants' Releasees shall have any

responsibility for, or liability whatsoever with respect to, the Settlement Fund; the

Net Settlement Fund; the Settlement Fund Account; the Escrow Agent; the Escrow

Agent's actions; any transaction executed or approved by the Escrow Agent; the

maintenance, administration, investment, or distribution of the Settlement Fund or

the Net Settlement Fund; the establishment or administration of the Plan of

26

Allocation; the determination, administration, or calculation of claims; the payment or withholding of Taxes; the administration of the Settlement; or any losses incurred in connection with such matters.  The Defendants' Releasees shall have no liability or obligations to Lead Plaintiff, Lead Counsel, or any Settlement Class Member with respect to the Plaintiffs' Released Claims, except for the deposit of the Settlement Fund into the Settlement Fund Account as expressly stated in this Stipulation. Notwithstanding anything herein to the contrary, the Escrow Agent shall be obligated to withhold from distribution to Authorized Claimants all funds necessary to pay all Notice and Administration Costs and all other fees, costs, and expenses associated with administration of the Settlement and the Settlement Fund; neither Defendants nor their counsel nor any other of the Defendants' Releasees are responsible therefor, nor shall they have any liability whatsoever with respect thereto.

4.3     The interest earned on the Settlement Fund pursuant to ¶5.4 below shall be for the benefit of the Settlement Class if the Settlement becomes Final.  If the Settlement does not become Final and the Settlement is terminated, the interest earned on the Settlement Fund shall be returned to Defendants and ¶12.3 below shall govern.

4.4     This is not a claims-made settlement; there will be no reversion.  Upon the occurrence of the Effective Date (as set forth in ¶11.1 herein), Defendants shall not have any right to the return of the Settlement Fund or any portion thereof

27

irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to the Plan of Allocation and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a non-profit charitable organization unaffiliated with Defendants, Lead Plaintiff, or Lead Counsel, selected by Lead Plaintiff and subject to Court approval.

**5.    Administration and Use of Settlement Fund**

5.1    The Escrow Agent shall administer the Settlement Fund subject to the jurisdiction of the Court.  The Escrow Agent shall not disburse the Settlement Fund except (i) as provided in this Stipulation; (ii) as provided in the Plan of Allocation; (iii) by an order of the Court; or (iv) with the written agreement of Defendants' Counsel.

5.2    The Settlement Fund shall be used to pay: (i) Taxes; (ii) Notice and Administration Costs pursuant to ¶5.5 herein and as otherwise approved by the Court; (iii) attorneys' fees awarded by the Court; (iv) Litigation Expenses awarded by the Court; (v) all other fees, costs and expenses incurred by or on behalf of the Settlement Class associated with the Settlement; and (vi) any other costs, expenses,

28

or amounts as may be approved by the Court.  The balance remaining in the Settlement Fund (the "Net Settlement Fund") shall be distributed to Authorized Claimants as provided in a Plan of Allocation proposed by Lead Plaintiff subject to Court approval.

5.3    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Settlement Fund Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

5.4    The Escrow Agent shall invest any funds in excess of U.S. $250,000 in United States Treasury Bills having maturities of 180 days or less, or money market mutual funds composed of investments secured by the full faith and credit of the United States Government, or an account fully insured by the United States Government Federal Deposit Insurance Corporation ("FDIC"), and shall collect and reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  Any funds held in escrow in an amount of less than U.S. $250,000 may be held in an interest-bearing account insured by the FDIC or money market mutual funds composed of investments secured by the full faith and credit of the United States Government or fully insured by the United States

29

Government.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Defendants' Releasees.

5.5    Before the Effective Date, Lead Counsel may use up to $200,000 of the Settlement Fund to pay Notice and Administration Costs reasonably, necessarily, and actually incurred, without further approval of Defendants or order of the Court.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice and Claim Form, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing notice and processing the submitted Claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that Lead Counsel seek more than $200,000 before the Effective Date to pay such costs, Lead Counsel shall submit a written request to Defendants' Counsel seeking to utilize additional monies from the Settlement Fund for the purpose of providing notice and administering the Settlement.  Defendants will provide approval for expenditure of reasonable additional amounts where need is substantiated.  If Defendants object to such additional costs, the Settling Parties shall immediately attempt to mediate and then arbitrate such disputes with the Honorable Gerald E. Rosen (Ret.) of JAMS, or such other person as the Settling Parties agree.  Before the Effective Date, Defendants'

30

Counsel, upon request made to the Escrow Agent, shall receive copies of all records of the Settlement Fund Account, including all records of disbursements, deposits, and statements of accounts.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or their insurance carriers.

## 6.    Taxes

6.1    The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶6.2 below.  Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request, Defendants will provide promptly to Lead Counsel the statement described in Treasury Regulation §1.468B-3(e).   Lead Counsel, as

31

administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. It shall be the responsibility of Lead Counsel to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filings to occur.

6.2 All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the terms herein, and without prior Order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Further, Taxes and all related expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes (as well as any

32

amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their counsel nor any other of the Defendants' Releasees are responsible therefor, nor shall they have any liability whatsoever with respect thereto, nor shall they be liable for any reporting requirements that may relate thereto.

6.3     In all events neither Defendants nor their counsel, nor any other of the Defendants' Releasees, shall have any responsibility for or liability whatsoever with respect to the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund.  The Settlement Fund shall indemnify and hold all Defendants' Releasees harmless for any Taxes and related expenses of any kind whatsoever on the Settlement Fund after its deposit into the Settlement Fund Account (including, without limitation, taxes payable by reason of any such indemnification). Defendants shall notify the Escrow Agent promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

**7.     Attorneys' Fees and Litigation Expenses**

7.1     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Lead Counsel.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses.

7.2     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel from the Settlement Fund Account, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel shall have the sole authority to thereafter allocate the attorneys' fees and expenses among counsel for Lead Plaintiff in a manner in which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and resolution of the Action, subject to Lead Counsel's obligation to repay all such amounts pursuant to ¶7.3 herein.

7.3     If the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed, then, no later than thirty (30) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses, Lead Counsel shall refund to the Settlement Fund all fees and Litigation Expenses previously paid to them from the Settlement Fund in an amount consistent with the reversal or modification, plus interest earned thereon, less any Taxes paid or that have accrued and will be payable at some later date with respect to such income, and less reasonable Notice and Administration Costs already incurred that either have been actually and properly paid or are due and owing pursuant to ¶5.5 herein.  Lead

34

Counsel agree to incorporate their obligation under the preceding sentence into any proposed order awarding attorneys' fees and Litigation Expenses filed with the Court.

7.4    An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

7.5    The Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of any type or nature whatsoever, including attorneys' fees and/or Litigation Expenses, to Lead Plaintiff or Lead Counsel, or the allocation among Lead Counsel, and/or any other person or entity who may assert some claim thereto, of any award of attorneys' fees or Litigation Expenses that the Court may make in the Action.

**8.    Claims Administration**

8.1    The Claims Administrator shall administer the process of soliciting, receiving, reviewing, and approving or denying claims. The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.

35

Except as otherwise expressly provided herein, no Defendants' Releasees shall have any involvement in, responsibility for or liability or obligation whatsoever with respect to  the selection of the Claims Administrator; the Plan of Allocation; the administration of the Settlement; the management, disposition, investment, distribution, allocation or disbursement of the Settlement Fund or the Net Settlement Fund; the determination, administration, calculation or payment of claims; the payment or withholding of Taxes; any nonperformance of the Claims Administrator; or any losses incurred in connection with any such matters.  No Person shall have any claim against the Defendants' Releasees or Defendants' Counsel arising from or relating to any of the foregoing, and Lead Plaintiff, Lead Counsel and each Settlement Class Member hereby fully, finally, and forever releases, relinquishes, and discharges the Defendants' Releasees and Defendants' Counsel from any and all such liability.  No Defendant shall be permitted to review, contest, or object to any Claim or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member or Claimant.

8.2     Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those Settlement Class Members who may be identified through reasonable effort, including through the cooperation of Sterling and/or its agents. Lead Counsel will cause to be published the Summary Notice pursuant to the terms

36

of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.  For the purpose of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Sterling shall provide or cause to be provided to the Claims Administrator its common stockholder lists (consisting of common stock holder names and addresses during the Settlement Class Period), in electronic form.

8.3   The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Lead Plaintiff and approved by the Court, or according to such other plan of allocation as the Court approves.  The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1.

8.4   No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.  The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Lead Plaintiff, and any decision by the Court concerning the Plan of Allocation, or such other plan of allocation as the Court approves, shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any

appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  In the event of any modification or rejection of the terms of any Plan of Allocation or the Stipulation with respect to attorneys' fees or Litigation Expenses, the Defendants' Releasees shall be entitled to all benefits of the Settlement and the Defendants' Releasees shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

8.5     All Persons who fall within the definition of Settlement Class Member (and do not exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein and the Judgment with respect to all of Plaintiffs' Released Claims (including Unknown Claims), and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees concerning any and all of the Plaintiffs' Released Claims (including Unknown Claims) as set forth in ¶3.3 herein regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

8.6     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice unless such deadline is extended by Order of the Court.  Any Settlement Class Member who fails to submit

38

a Claim by such date, or who timely submits a Claim that is rejected, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, certain late-submitted claims are accepted), but shall in all other respects be subject to and bound by all of the terms and provisions of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for in the Judgment and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Defendants' Releasees concerning any of Plaintiffs' Released Claims (including any Unknown Claim) as set forth in ¶3.3 herein.  A Claim shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail or other delivery service and addressed in accordance with the instructions thereon.

8.7     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claims.

39

8.8     Lead Counsel will apply to the Court, with reasonable advance notice to Defendants, for a Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Settlement Fund Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Settlement Fund Account.

8.9     Payment pursuant to the Distribution Order shall be final and conclusive against any and all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be subject to and bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for in the Judgment and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Defendants' Releasees concerning any of Plaintiffs' Released Claims (including any Unknown Claim) as set forth in ¶3.3 herein.

8.10   All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto,

40

including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**9.      Requests for Exclusion**

9.1      Putative Settlement Class Members requesting exclusion from the Settlement Class shall be requested to provide the following information to the Claims Administrator in the manner described in the Notice:  (i) name; (ii) address; (iii) telephone number; (iv) number of shares of Sterling common stock purchased or otherwise acquired during the Settlement Class Period; (v) the date of each such purchase or acquisition and the price or other consideration paid; (vi) the date of each sale or other disposal of any share of Sterling common stock during the Settlement Class Period and the price or other consideration received; (vii) the number of shares of Sterling common stock held immediately before the commencement of the Settlement Class Period; and (viii) a statement that the person or entity wishes to be excluded from the Settlement Class.  Any request for exclusion must also be signed by the person or entity requesting exclusion.

9.2      All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.  Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely written request for exclusion

41

as provided by this section shall be bound by the terms of this Stipulation including, without limitation, all of the releases provided for herein.   The deadline for submitting requests for exclusion shall be set by the Court, but shall be no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct.   Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the Court.

9.3   Copies of all requests for exclusion received by Lead Counsel, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' Counsel within three (3) business days of receipt by Lead Counsel but, with respect to timely requests for exclusion, in no event later than seventeen (17) calendar days before the Final Approval Hearing.

**10.   Terms of the Judgment**

10.1   If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**11.   The Effective Date**

11.1.   The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(i)     this Stipulation, and such other documents as may be required to obtain final Court approval of this Stipulation in a form satisfactory to the Settling Parties, have been duly executed;

(ii)    the Court has entered the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A;

(iii)   the Court has approved the Settlement substantially as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(iv)   the Court has entered the Judgment, substantially in the form attached hereto as Exhibit B;

(v)    the Judgment has become Final (as defined in ¶1.18 herein); and

(vi)   no Settling Party has given notice of its election to terminate this Stipulation and the Settlement pursuant to ¶12.1 or ¶12.2 herein, and the time for doing so has expired.

11.2   Upon the occurrence of all of the events referenced in ¶11.1 herein, any and all remaining interest or right of Defendants in or to the Settlement Fund shall be absolutely and forever extinguished.  Without limiting the foregoing, each Defendant shall have, in his, her, or its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon

43

becoming Final, does not provide for the dismissal with prejudice of the Action against him or it.

## 12. Waiver or Termination

12.1 No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein. If the Court: (i) enters an order expressly declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend; (ii) refuses to approve this Stipulation or any material part of it without reasonable leave to amend; (iii) declines to enter the Judgment in any material respect or enters judgment in a form materially different from Exhibit B attached hereto; and/or (iv) enters the Judgment and appellate review is sought and, on review, the Judgment is vacated, modified, or reversed in any material respect, representing a Final decision on the matter, Defendants and Lead Plaintiff each shall have the right to terminate the Settlement and this Stipulation within thirty (30) days from the date of receipt of such ruling by providing written notice to the other of an election to do so. However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any Plan of Allocation, shall not be considered material to the Settlement and shall not be grounds for termination. The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment

44

regardless of whether a Plan of Allocation has been submitted to the Court or has been approved.

12.2 If, as specified in a separate supplemental agreement between Lead Plaintiff and Defendants (the "Supplemental Agreement"), the number of shares of Sterling common stock purchased or acquired during the Settlement Class Period by Persons who would otherwise be Settlement Class Members, but who, in accordance with the provisions of the Notice, timely and validly request exclusion from the Settlement Class, exceeds the threshold(s) specified in the Supplemental Agreement, Sterling shall have, in its sole and absolute discretion, the option to terminate this Stipulation on behalf of all Defendants in accordance with the procedures set forth in the Supplemental Agreement. For purposes of the Supplemental Agreement, any Request for Exclusion that results in the exclusion of the Settlement Class Member from the Settlement Class, by order of the Court or otherwise, shall be treated as timely and valid. The Supplemental Agreement is confidential and shall not be filed with the Court, but may be examined *in camera*, if so requested by the Court (unless otherwise required by court rule, or unless and until a dispute as between the Lead Plaintiff and Defendants concerning its interpretation or application arises). If the Court requires that the Supplemental Agreement be filed, the Settling Parties shall jointly petition the Court to file it under seal.

12.3   Except as otherwise provided herein or ordered by the Court, in the event the Settlement is terminated, then:

(i)   the Settling Parties shall be deemed to have reverted to their respective status in this Action as of January 27, 2021, with all of their respective claims and defenses preserved as they existed on that date, and the Settling Parties shall be required to present jointly an amended schedule to the Court;

(ii)   except as otherwise expressly provided in this Stipulation, the terms of this Stipulation shall be null and void and shall have no further force or effect, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Action or in any other proceeding for any purpose (other than to enforce the terms remaining in effect, if any);

(iii)   within five (5) business days after written notification of termination is provided pursuant to ¶12.1 or ¶12.2, the Settlement Fund, less any Taxes paid or that have accrued and will be payable at some later date with respect to such income, and less reasonable Notice and Administration Costs already incurred that either have been actually and properly paid or are due and owing pursuant to ¶5.5 herein, shall be returned to Defendants, and any award of attorneys' fees and/or Litigation Expenses will be returned as provided for in ¶7.3 herein.  If said amount or any portion thereof is not returned within such thirty (30) day period, then interest shall

46

accrue thereon at the same rate as earned by the Settlement Fund until the date that said amount is returned;

(iv)    at the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and return the proceeds to Defendants, after deduction of any fees or expenses reasonably and actually incurred in connection with such application(s) for refund, pursuant to written direction from Sterling; and

(v)    any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated *nunc pro tunc*.

**13.    No Admission of Wrongdoing**

13.1    The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Lead Plaintiff acknowledges that Defendants have denied and continue to deny each and all claims of alleged wrongdoing.

13.2    Except as set forth in ¶13.2(ii) herein, whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation (including exhibits) and all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

47

(i)     shall not be offered, received, or admitted against any of the Defendants' Releasees as evidence of, or construed or used as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees (a) of the truth of any fact; (b) of the validity of any of Plaintiffs' Released Claims or any claim that was asserted in the complaints in this Action, or that could have been or might have been asserted against any of the Defendants' Releasees in this Action or in any litigation in this or any other court, administrative agency, arbitration forum, or other tribunal; (c) of any liability, negligence, gross negligence, recklessness, deliberate recklessness, fault, or other wrongdoing of any kind of any of the Defendants' Releasees to any other Person; (d) of any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants' Releasees; or (e) of any infirmity in the defenses that have been or could have been asserted in this Action;

(ii)     shall not be offered, received, or admitted against any of Defendants' Releasees or Plaintiffs' Releasees, as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding in any court, administrative agency or other tribunal (including, without limitation, any formal or informal investigation or inquiry by the U.S. Securities and Exchange

48

Commission or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to enforce the terms of the Settlement or effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, any Person may (a) refer to this Stipulation and the Settlement as necessary to secure the liability protections granted them hereunder; and/or (b) file this Stipulation and/or the Judgment in any action for any purpose, including, without limitation, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(iii)    shall not be construed against any of the Defendants' Releasees or Plaintiffs' Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(iv)    shall not be construed against Lead Plaintiff, Lead Counsel or any other Settlement Class Member(s) as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

49

**14.     Miscellaneous Provisions**

14.1   All of the following exhibits attached hereto are material and integral parts of this Stipulation and are hereby incorporated by reference as though fully set forth herein:  proposed Preliminary Approval Order, Notice, Claim Form, Summary Notice, and proposed Judgment.

14.2   No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall cause notice to be provided to United States federal and state officials if and to the extent required by the Class Action Fairness Act, 28 U.S.C. §1715 *et seq*. ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

14.3   Sterling warrants that, as to the payments made by or on behalf of it, at the time of such payment made pursuant to ¶4.1 herein, it was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof.  This representation is made by Sterling and not by Defendants' Counsel.

14.4  The Settling Parties intend this Settlement to be a final and complete resolution of all of Plaintiffs' Released Claims against all Defendants' Releasees, and all Defendants' Released Claims against all Plaintiffs' Releasees.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

14.5  Lead Plaintiff and Defendants, and their respective attorneys, agree not to assert in any forum that this Action was brought by Lead Plaintiff or Lead Counsel, or defended by Defendants or Defendants' Counsel, in bad faith or without a reasonable basis.  For the purpose of the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(c)(1), and Section 27(c)(1) of the Securities Act, as amended by the PSLRA, 15 U.S.C. §77z-1(c)(1), Lead Plaintiff and Defendants shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of this Action.  The Settling Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's length and in good faith, including in connection with a mediation conducted by a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

14.6  This Stipulation, including the exhibits attached to this Stipulation and the Supplemental Agreement referred to in ¶12.2 herein, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or

Case 5:20-cv-10490-JEL-EAS ECF No. 79-1, PageID.1574 Filed 04/16/21 Page 53 of 117

on behalf of all Settling Parties hereto or their successors-in-interest. Any condition in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel. The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of the breach by any other party, or a waiver of any other prior or subsequent breach of this Stipulation by that party or any other party. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

14.7 The headings herein are used for the purpose of convenience only and are not meant to have any legal effect upon the construction or interpretation of any part of this Stipulation.

14.8 The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, *inter alia*, entering orders providing for the implementation and enforcement of the terms of this Stipulation, including, without limitation, the releases provided for herein, and any awards of attorneys' fees and Litigation Expenses to Lead Counsel.

14.9 The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

14.10 This Stipulation, its attached exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties, or inducements have been made by or to any Settling Party concerning this Stipulation, its attached exhibits or the Supplemental Agreement other than those contained and memorialized in such documents. This Stipulation and the Supplemental Agreement supersede any and all prior statements, representations, promises or other agreements, written or oral, with respect to the subject matter of this Stipulation and the Supplemental Agreement.

14.11 It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts and law now known to each Settling Party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

14.12 This Stipulation may be executed in one or more original, e-mailed, and/or faxed counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for each of the Settling Parties will maintain their own respective original signature pages. No Settling Party shall raise the use of email to deliver or transmit a signature as a defense to the formation

53

or enforceability of this Stipulation, and each Settling Party forever waives any such defense.  A complete set of executed counterparts shall be filed with the Court.

14.13 This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties, Defendants' Releasees, and Plaintiffs' Releasees, including any corporation or other entity into or with which any Settling Party, Defendants' Releasee, or Plaintiffs' Releasee merges, consolidates, or reorganizes.

14.14 Pending approval of the Court of the Stipulation and its attached exhibits, all proceedings in the Action shall be stayed.

14.15  All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

14.16 The construction, interpretation, operation, effect, and validity of this Stipulation, the exhibits attached hereto and the Supplemental Agreement, and all documents necessary to effectuate them, shall be governed by the laws of the State of Michigan without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.  The rights and obligations of the Settling Parties with respect to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Michigan without giving effect to that State's choice-of-law principles.

14.17 This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

14.18 All counsel and any other Person executing this Stipulation and any of the exhibits attached hereto, or the Supplemental Agreement or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

14.19 Lead Counsel and Defendants' Counsel agree to cooperate fully in seeking Court approval of the Preliminary Approval Order and the Settlement, and to use reasonable efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. Lead Counsel and Defendants' Counsel agree to cooperate to the extent reasonably necessary to effectuate, implement and accomplish all of the terms and conditions of this Stipulation.

14.20 If any party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly

given upon receipt by hand delivery, electronic mail, facsimile transmission. Notice shall be provided to the counsel indicated on the signature block below.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys, dated April 16, 2021.

**BERMAN TABACCO**

By: _Kristin J. Moody_

              Kristin J. Moody

44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: kmoody@bermantabacco.com

-and-

Patrick T. Egan
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com

*Counsel for Lead Plaintiff Oklahoma Police Pension and Retirement System and Interim Lead Counsel for the Putative Class*

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**

By: /s/ Matthew P. Allen
Matthew P. Allen (P57914)
Thomas W. Cranmer (P25252)
840 West Long Lake Road,
Suite 150
Troy, MI 48098
(248) 879-2000
allen@millercanfield.com
cranmer@millercanfield.com

-and-

**LEVINE LEE LLP**

By: /s/ Kenneth E. Lee
Kenneth E. Lee
Seth L. Levine
Chad P. Albert
5 Columbus Circle, 11th Floor
New York, NY 10019
(212) 223-4400
klee@levinelee.com
slevine@levinelee.com
calbert@levinelee.com

*Counsel for Defendant Sterling Bancorp., Inc.*

**ALSTON & BIRD LLP**

By: /s/ Brett D. Jaffe
Brett D. Jaffe
Joseph Tully
90 Park Avenue
New York, NY 10016
(212) 210-9547
brettjaffe@alston.com
joe.tully@alston.com

*Counsel for Defendant Gary Judd*

**MAYER BROWN LLP**

By: /s/ Alex C. Lakatos
Alex C. Lakatos
1999 K Street NW
Washington, D.C. 20006
(202) 263-3312
alakatos@mayerbrown.com

*Counsel for Defendant Michael Montemayor*

**HERTZ SCHRAM PC**

By: /s/ Matthew J. Turchyn
Matthew J. Turchyn
1760 S. Telegraph Road
Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
mturchyn@hertzschram.com

-and-

**DICKINSON WRIGHT**

By: /s/ Thomas G. McNeill
Thomas G. McNeill
500 Woodward Avenue
Suite 400
Detroit, MI 48226-3425
(313) 223-3500
tmcneill@dickinsonwright.com

*Counsel for Defendants Barry Allen, Jon Fox, Benjamin Wineman and Lyle Wolberg*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: /s/ Victor L. Hou
Victor L. Hou
Breon S. Peace
One Liberty Plaza
New York, NY 10006
(212) 225-2000
vhou@cgsh.com
bpeace@cgsh.com

*Counsel for Defendants Seth Meltzer and Sandra Seligman*

**WARNER, NORCROSS + JUDD LLP**

By: /s/ Madelaine C. Lane
Madelaine C. Lane
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, MI 49503
(616) 222-2468
mlane@wnj.com

**WACHTELL, LIPTON, ROSEN & KATZ**

By: /s/ Stephen R. DiPrima
Stephen R. DiPrima
51 West 52nd Street
New York, New York 10019
(212) 403-1382
srdiprima@wlrk.com

*Counsel for Defendants Piper Sandler Companies and American Capital Partners, LLC*

**CLARK HILL PLC**

By: /s/ Daniel T. Graham
Daniel T. Graham
1030 E. Randolph St.
Suite 3900
Chicago, IL 60601
(312) 985-5954
dgraham@clarkhill.com

Russell Duncan *(Admission to be submitted)*
1001 Pennsylvania Avenue NW
Suite 1300 South
Washington, D.C. 20004
(202) 640-6657
Rduncan@clarkhill.com

*Counsel for Defendant Scott Seligman*

58

Michael G. Brady
2000 Town Center, Suite 2700
Southfield, MI  48075-1318
(248) 784-5000
mbrady@wnj.com

Thomas M. Amon
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, MI  49503
(616) 752-2727
tamon@wnj.com

*Counsel for Defendant Thomas Lopp*

**SWANSON & MCNAMARA LLP**

By:  */s/ August Gugelmann*
Mary   McNamara   *(Admission   to   be submitted)*
August Gugelmann
300 Montgomery Street
Suite 1100
San Francisco, CA  94104
(415) 477-3800
mary@smllp.law
august@smllp.law

*Counsel for Defendant Peter Sinatra*

59

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>Hon. Mag. Judge Elizabeth A. Stafford<br><br>**CLASS ACTION** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS a consolidated class action is currently pending before the Court

entitled *Oklahoma Police Pension and Retirement System, et al. v. Sterling*

*Bancorp, Inc., et al.*, Case No. 5:20-cv-10490-JEL-EAS (the "Action");

WHEREAS, the Court has received Lead Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (the "Preliminary Approval Motion") and the Stipulation of Settlement, dated April 16, 2021 (the "Stipulation"), that was entered into by Lead Plaintiff Oklahoma Police Pension and Retirement System ("Lead Plaintiff"), Defendants Sterling Bancorp, Inc. ("Sterling" or the "Company"), Gary Judd, Thomas Lopp, Michael Montemayor, Scott Seligman, Barry Allen, Jon Fox, Seth Meltzer, Sandra Seligman, Peter Sinatra, Benjamin Wineman, Lyle Wolberg, Piper Sandler Companies, and American Capital Partners, LLC (collectively "Defendants"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiff having made the Preliminary Approval Motion, pursuant to Federal Rules of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

2

1.       For purposes of this Settlement only, the Court will certify a Settlement Class defined as all Persons who purchased or otherwise acquired Sterling common stock during the Settlement Class Period, November 17, 2017 through and including March 17, 2020, including shares sold in the initial public offering that commenced on November 17, 2017, and were damaged as a result.  Excluded from the Class are Defendants herein; members of the immediate family of each of the Defendants; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, including trusts associated with members of the Founding Family and the selling shareholders; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

2.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Lead Plaintiff, Oklahoma Police Pension and Retirement System, as "Class Representative."

3.       Interim Lead Counsel, Berman Tabacco, is appointed as "Lead Counsel" and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, is

appointed "Class Counsel" and is authorized to act on behalf of the Class Representative and other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

4.　　The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a)　　The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b)　　There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c)　　The claims of the Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d)　　The representative party will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e)　　Questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in ¶4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if the Settlement does not become

4

effective. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

5. A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 201__, at _____ __.m., either via telephonic or video conference, or at the Federal Building, Courtroom 100, 200 E. Liberty Street, Ann Arbor, Michigan, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

6. The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); the Proof of Claim and Release Form (the "Claim Form"); and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶7 of this Order meet the requirements of

5

Federal Rule of Civil Procedure 23, 15 U.S.C. §77z-1(a)(7), 15 U.S.C. §78u-4(a)(7) and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.      The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than fourteen (14) days after entry of this order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)      No later than the Notice Date, the Summary Notice, substantially in the form annexed as Exhibits A-3 hereto, shall be published once in *Investor's Business Daily* and once over a national newswire service; and

(c)      At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.      Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act,

28 U.S.C. §1715, no later than ten (10) calendar days following the filing of the Stipulation with the Court.

9.      Nominees who purchased Sterling common stock for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Claim Form to all beneficial owners of such Sterling common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Claim Form to such beneficial owners.  Such holders of record shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.      All Settlement Class Members who do not exclude themselves by the deadline set forth below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11.     All Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein to obtain a payment. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than ninety calendar (90) days from the Notice Date. Any Settlement Class Member who does not submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

12.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. If they do not enter an appearance, they will be represented by Lead Counsel.

13.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), post-marked no later than twenty-one (21) calendar days before the date of the Final Approval Hearing. A Request for Exclusion must:  (a) state the

8

name, address, and telephone number of the Person requesting exclusion; (b) identify each of the Person's purchases or other acquisitions of Sterling common stock made during the Settlement Class Period, including the dates of each purchase or acquisition, the number of shares purchased or otherwise acquired, and the price or consideration paid per share for each such purchase or acquisition; (c) identify each of the Person's sales or other disposals of Sterling common stock made during the Settlement Class Period, including the dates of each sale or disposal, the number of shares sold or disposed, and the price or consideration received per share for each such sale or disposal; (d) state the number of shares of Sterling common stock held immediately before the commencement of the Settlement Class Period; and (e) state that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

14.     Any Settlement Class Member may appear and show cause, if he, she, or it has any reasons why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead

9

Counsel.  Settlement Class Members may not ask the Court to order a larger settlement or otherwise modify the Settlement; the Court may only approve or deny the Settlement.  No Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Settlement Class Member has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below no later than twenty-one (21) days before the date of the Final Approval Hearing.

| Lead Counsel | Sterling's Counsel |
|---|---|
| Kristin J. Moody | Seth L. Levine |
| Berman Tabacco | Kenneth E. Lee |
| 44 Montgomery Street, Suite 650 | Levine Lee LLP |
| San Francisco, CA  94104 | 5 Columbus Circle, 11th Floor |
|  (415) 433-3200 | New York, NY 10019 |
| kmoody@bermantabacco.com | (212) 223-4400 |
| | slevine@levinelee.com |
| | klee@levinelee.com |

15.    Any objection must:  (a) clearly identify the case name and number, *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 5:20-cv-10490-JEL-EAS; (b) include the full name, address, and phone number of the objecting Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in Sterling common stock; (d) include a written statement of all grounds for the objection; and (e) copies of any legal support for the objection and any papers, briefs, or other

10

documents upon which the objection is based, which you wish to bring to the Court's attention in support of your objection. If you wish to appear in person at the Final Approval Hearing, you must submit to the Court with your objection a Notice of Intention to Appear. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and your counsel must submit a Notice of Intention to Appear with the objection. Any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and reimbursement of litigation expenses to Lead Counsel, unless otherwise ordered by the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. Lead Counsel shall be entitled to withdraw up to $200,000 (Two Hundred Thousand dollars) from the Settlement Fund pursuant to ¶5.5 of the Stipulation to pay reasonable expenses of notice and administration of the

11

settlement upon the execution of this Order, subject to final approval of said expenses at the Final Approval Hearing and the other provisions of the Stipulation.

18.     All papers in support of the Settlement, the Plan of Allocation, and any motion by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served thirty-five (35) calendar days before the date of the Final Approval Hearing.  Additionally, any reply brief(s) shall be filed and served seven (7) calendar days before the date of the Final Approval Hearing.

19.     Defendants and their counsel shall have no responsibility for the Plan of Allocation or any motion for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any motion for attorneys' fees or reimbursement of expenses shall be approved.

21.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶5.5 or 6.2 of the Stipulation.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

23.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiff of any liability, fault, or wrongdoing of any kind.

24.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Plaintiffs' Released Claims against any of the Defendants' Releasees, nor shall any Defendant, and anyone who acts or purports to act on their behalf, institute, commence or prosecute any action which asserts Defendants' Released Claims against any of Plaintiffs' Releasees.

25.     Pending final determination of whether the Settlement should be approved, all proceedings and all discovery with respect to the Defendants in the Action are stayed pending further order of the Federal Court.

26.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains

13

jurisdiction to consider all further motions arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: _____, 2021     _____
HON. JUDITH E. LEVY
UNITED STATES DISTRICT JUDGE

14

# Exhibit A-1

**[EXHIBIT A-1 – NOTICE]**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**IF YOU PURCHASED STERLING BANCORP, INC. COMMON STOCK DURING THE PERIOD BEGINNING NOVEMBER 17, 2017, THROUGH MARCH 17, 2020, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*
*This is <u>not</u> a notice that you have been sued.*

**Notice of Pendency of Class Action**: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of Michigan (the "Court"), if, during the period from November 17, 2017, through and including March 17, 2020 ("Settlement Class Period"), you purchased or otherwise acquired common stock of Sterling Bancorp, Inc. ("Sterling" or the "Company"), including pursuant to the Company's initial public offering and were damaged thereby.[1]

**Notice of Settlement**: Please also be advised that the Court-appointed Lead Plaintiff, Oklahoma Police Pension and Retirement System ("OPPRS" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in question number 5 below), have reached a proposed settlement of the Action for $12,500,000 in cash ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act. If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Sterling, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* question number 7 below).**

**Description of the Action and the Settlement Class:** The Settlement, which is subject to Court approval, resolves this Action – a class action brought in federal court by Lead Plaintiff OPPRS, on behalf of itself and others who purchased or otherwise acquired Sterling common stock during the Settlement Class Period, over whether Sterling and its former executive officers Gary Judd, Thomas Lopp, Michael Montemayor ("Officer

---

[1] All capitalized terms used in this Notice are defined in the Stipulation of Settlement, dated April 16, 2021 (the "Stipulation"), available for download at www.SterlingBancorpSecuritiesLitigation.com. For convenience, certain capitalized terms are also defined in this Notice. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation, the definition in the Stipulation controls.

2
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

Defendants"), founder Scott Seligman, current and former directors Barry Allen, Jon Fox, Seth Meltzer, Sandra Seligman, Peter Sinatra, Benjamin Wineman, and Lyle Wolberg ("Director Defendants"), and underwriters Piper Sandler Companies and American Capital Partners, LLC ("Underwriter Defendants") (Sterling and the Officer Defendants, Director Defendants, Underwriter Defendants, and Scott Seligman are collectively referred to as "Defendants") misled investors about Sterling's core product, the Advantage Loan Program (or "ALP"), as being Bank Secrecy Act ("BSA")/Anti-Money Laundering ("AML") compliant, as well as about the Company's alleged disciplined and conservative underwriting procedures, strong risk management practices, internal controls, strong financial results, and growth driven by ALP residential mortgage loan growth. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in question number 5 below.

**Statement of the Settlement Class's Recovery**: Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for $12.5 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth at pages ___ to ___ below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.

**Estimate of Average Amount of Recovery**:  Based on Lead Plaintiff's consulting damages expert's estimate of the number of shares of Sterling common stock purchased or otherwise acquired during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs described herein) is $0.82 per affected common share. Settlement Class Members should note, however, that the average recoveries provided herein are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what price they purchased or otherwise acquired or sold their Sterling stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation as set forth herein (*see* pages ___ to ___ below) or such other plan of allocation as may be ordered by the Court.

**Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

**Attorneys' Fees and Expenses Sought**: Lead Counsel, Berman Tabacco, has been prosecuting the Action on a wholly contingent basis since its appointment as Interim Lead Counsel on May 1, 2020, and has not received any payment of attorneys' fees for its representation of the Settlement Class, and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for the payment of litigation expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $90,000, which may include an application for reimbursement of reasonable costs and expenses incurred by Lead Plaintiff directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such

3
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.21 per affected common share.

**Identification of Attorneys' Representative**:  Lead Plaintiff and the Settlement Class are represented by Kristin J. Moody, Esq. of Berman Tabacco, 44 Montgomery Street, Suite 650, San Francisco, CA 94104;(415) 433-3200; law@bermantabacco.com.

**Reasons for the Settlement**: Lead Plaintiff's principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or delays inherent in further litigation. Moreover, the substantial recovery provided under this Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| Your Legal Rights and Options | |
|---|---|
| **You can:** | **That Means:** |
| **Submit a Claim Form Received or Postmarked by** _____ | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Plaintiffs' Released Claims (defined in question number 12 below) that you have against Defendants and the other Defendants' Releasees (defined in question number 12 below), so it is in your interest to submit a Claim Form. |
| **Exclude Yourself by Submitting a Written Request for Exclusion Postmarked by** _____ | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from this Settlement and will not be part of the Settlement Class and will not be bound by any Judgment. This is the only option that allows you to ever be part of any other separate lawsuit, including your own lawsuit, concerning the Plaintiffs' Released Claims. |
| **Object by Submitting A Written Objection Postmarked by** _____ | If you remain part of the Settlement Class but have an objection to the Settlement, or some part of it, or the requested attorneys' fees or expenses, you can write to the Court to explain why. |
| **Go to a Hearing on** _____ | Filing a written objection and notice of intention to appear by DATE, 2021, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do Nothing** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a Member of the Settlement Class, which means that |

4
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

|  | you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgment or orders entered by the Court in the Action. |
|---|---|

## **WHAT THIS NOTICE CONTAINS**
*[insert page numbers]*

### **BASIC INFORMATION**

1. Why did I get this Notice package?
2. What is this Action about?
3. What is a class action?
4. Why is there a Settlement?

### **WHO IS INCLUDED IN THE SETTLEMENT?**

5. How do I know if I am a Settlement Class Member?
6. Are there any exceptions to being included as a Settlement Class Member?
7. I am still not sure if I'm included.

### **THE SETTLEMENT BENEFITS**

8. What does the Settlement provide?
9. How much will my payment be?
10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment or stay in the Settlement Class?

### **EXCLUDING YOURSELF FROM THE SETTLEMENT**

13. How do I get out of the Settlement?

### **THE LAWYERS REPRESENTING YOU**

14. Do I have a lawyer in this case?
15. How will the lawyers be paid?

### **OBJECTING TO THE SETTLEMENT**

16. How do I tell the Court that I do not like the Settlement?
17. What's the difference between objecting and being excluded from the Settlement Class?

### **THE COURT'S FINAL APPROVAL HEARING**

18. When and where will the Court decide whether to approve the Settlement?
19. Do I have to come to the Final Approval Hearing?

5
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

20.  May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING**

21.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**

22.  Are there more details about the Settlement?

**SPECIAL NOTICE TO NOMINEES**

23.  Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees.

**UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION**

A.  Introduction to the Plan of Allocation
B.  Calculating Recognized Losses
C.  General Provisions Applicable to the Plan of Allocation

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|----|-----------------------------------|

You or someone in your family may have purchased or otherwise acquired Sterling common stock during the period between November 17, 2017, through March 17, 2020, inclusive.

The Court caused this Notice to be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement.

This Notice explains this Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

The Court in charge of the case is the United States District Court for the Eastern District of Michigan, and the case is known as *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 5:20-cv-10490-JEL-EAS. District Judge Judith E. Levy is the Judge in charge of this class action. The person who sued is called the "Lead Plaintiff."  The company being sued, Sterling, and the persons who are being sued, Gary Judd, Thomas Lopp, Michael Montemayor, Scott Seligman, Barry Allen, Jon Fox, Seth Meltzer, Sandra

6

Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

Seligman, Peter Sinatra, Benjamin Wineman, Lyle Wolberg, Piper Sandler Companies, and American Capital Partners, LLC, are called the "Defendants."

| 2. | What is this Action about? |
|---|---|

In the Action, Lead Plaintiff alleges that Defendants unlawfully inflated Sterling's stock price by misleading investors about its core product, the ALP, as being BSA/AML compliant, as well as about the Company's alleged disciplined and conservative loan underwriting procedures, strong risk management practices, internal controls, strong financial results, and growth driven by ALP residential mortgage loan growth. Lead Plaintiff alleges that the misleading nature of Defendants' statements began to trickle out through a series of partial disclosures that culminated in the suspension and then termination of the ALP program as a whole, resulting in the termination and/or resignation of many Sterling employees, and the announcement of formal investigations by both the Office of Comptroller of the Currency and the United States Department of Justice.

On February 26, 2020, after an investigation by Berman Tabacco, OPPRS filed the initial complaint in the United States District Court for the Eastern District of Michigan asserting violations of the federal securities laws: *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 20-cv-10490-AJT-EAS. By order dated May 1, 2020, this Court appointed OPPRS as Lead Plaintiff for the Settlement Class; and approved Lead Plaintiff's choice of the law firms of Berman Tabacco as Interim Lead Counsel and Weitz & Luxenberg as Interim Liaison Counsel.

On July 2, 2020, after further extensive investigation by Lead Counsel, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws alleging violations of §§10(b), 20(a), and 20A of the Securities and Exchange Act of 1934 ("Exchange Act") and §§11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act") (the "Complaint"). On September 22, 2020, all Defendants moved to dismiss the Complaint. On December 4, 2020, Lead Plaintiff opposed the motions.

During the briefing on the motions to dismiss, the parties commenced arm's-length settlement negotiations under the close supervision of an experienced mediator. The parties participated in two all-day mediation sessions on January 11 and 12, 2021, and, at the end of the second day, the parties reached an agreement in principle to settle the case.

| 3. | What is a class action? |
|---|---|

In a class action, the plaintiff is called the Class Representative, and he/she/it sues on behalf of numerous people who have similar claims. All these people with similar claims are a class, and each one is a class member. One court resolves the claims of all class members, except for those who properly exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

Instead of litigating the Action through trial, Lead Plaintiff and Defendants, after an intensive, arm's-length negotiation facilitated by a neutral mediator, agreed to a compromise of the claims for $12.5 million. The Court

7

Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

did not decide in favor of Lead Plaintiff or Defendants. Lead Plaintiff believes it could have obtained money if it won a trial; the Defendants believe Lead Plaintiff would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risks and cost of a trial and possible appeals, and Settlement Class Members affected will get compensation. The Lead Plaintiff, as Class Representative, and Lead Counsel believe the Settlement is best for all Settlement Class Members.

Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Throughout the litigation, Defendants raised a number of arguments and defenses (which they would continue to do through class certification, summary judgment, and trial) including that none of the challenged misrepresentations were false or misleading when made, and that Defendants did not act with the requisite fraudulent intent. Defendants would also likely argue that, even if Lead Plaintiff could establish liability, it would have trouble showing what part of Sterling's stock price decline is attributable to the alleged fraud rather than other Company-specific bad news. While Lead Plaintiff believes that these arguments lack merit, there is no guarantee that Defendants would not prevail on one or more of these arguments. In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve these issues against Lead Plaintiff and the Settlement Class.

Lead Counsel have thoroughly investigated and litigated the case prior to and since filing it in 2020. Based upon their extensive investigation, their consultation with multiple experts, and their evaluation of the claims asserted against the Defendants and defenses that might be asserted, Lead Counsel believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement provides an immediate and certain monetary recovery. By settling, Lead Plaintiff and Defendants avoid the cost, uncertainty, and delay of continued litigation. The parties engaged in extensive negotiations that led to the Settlement described in this Notice. Lead Counsel believe the Settlement is fair because there is no guarantee the Settlement Class would win on any of the claims and, even if they did win, they might not be awarded any more money than the $12.5 million plus interest, as provided for in the Stipulation, that Defendants have agreed to in order to settle the Action. Defendants' lawyers believe the Settlement is fair because even though Defendants deny Lead Plaintiff's claims, Defendants avoid the cost of continued litigation and risk of losing at trial.

## WHO IS INCLUDED IN THE SETTLEMENT?

| **5.** | **How do I know if I am a Settlement Class Member?** |
| --- | --- |

For the purposes of Settlement, with the few exceptions listed below, everyone who fits the following description is a Settlement Class Member: all persons who purchased or otherwise acquired Sterling common stock during the Settlement Class Period, November 17, 2017, through March 17, 2020, inclusive, including any purchases during the Company's initial public offering which commenced on November 17, 2017 (the "Settlement Class").

| **6.** | **Are there any exceptions to being included as a Settlement Class Member?** |
| --- | --- |

Yes. You are **not** a Settlement Class Member if **any** of the following apply to you:

a.  You are a Defendant.

Case 5:20-cv-10490-JEL-EAS   ECF No. 79-1, PageID.1605   Filed 04/16/21   Page 84 of 117

8
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

b.  You served as an officer and/or director of Sterling at any time during the Settlement Class Period.
c.  You are an entity in which Defendants have or had a controlling interest or which is related to or affiliated with any of the Defendants, including trusts associated with members of the Founding Family and the selling shareholders.
d.  You are a member of the immediate family or a legal representative, heir, successor, or assign of any of the foregoing.
e.  You properly exclude yourself from the Settlement Class.

| **7.** | **I am still not sure if I'm included.** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at 1-877-933-4956 (Toll Free) or you can fill out the Claim Form described in question number 10 below ("*How can I get a payment?*") to see if you qualify. You can also contact Lead Counsel at the addresses and phone numbers listed below. Please do not contact the Court.

## THE SETTLEMENT BENEFITS

| **8.** | **What does the Settlement provide?** |
|---|---|

Defendants have paid or will pay $12.5 million into an escrow account that will earn interest, as provided for in the Stipulation, for the benefit of the Settlement Class. After deduction of Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court, the balance (the "Net Settlement Fund") will be distributed to the Settlement Class Members in accordance with the Plan of Allocation, discussed at pages ___ to ___ below.

In exchange for Defendants' payment, the claims described in response to question number 12 below ("*What am I giving up to get a payment or stay in the Settlement Class?*") will be released, discharged, and dismissed with prejudice.

The proposed Settlement represents a compromise of disputed claims and does not mean that any of the Defendants have been found liable for any claims asserted by Lead Plaintiff. Defendants specifically deny any liability on their part and settled this case to avoid the expense and uncertainty of complex litigation.

| **9.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on the number of valid and timely Claim Forms that Settlement Class Members send in, how many shares of Sterling common stock you bought, and when you bought and sold them. You should look at the Plan of Allocation section of this Notice that appears on pages __ to __ below for a description of the calculations to be made by the Claims Administrator in computing the amounts to be paid to the "Authorized Claimants," that is, those investors who submit valid and timely Claim Forms establishing that they are Settlement Class Members.

| 10. | How can I get a payment? |
|-----|--------------------------|

To qualify for payment, you must timely send in a Claim Form to the Claims Administrator. A Claim Form is attached to this Notice. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____. Unless the Court orders otherwise, if you do not timely submit a Claim Form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Judgment in the case.

| 11. | When would I get my payment? |
|-----|------------------------------|

The Settlement is conditioned on two main events: (i) the entry of the Judgment by the Court, as provided for in the Stipulation, after the Court holds a Final Approval Hearing to decide whether to approve the Settlement; and (ii) the expiration of the applicable period to file all appeals from the judgment. If the Settlement is approved, it is possible there may be an appeal by someone. There is always uncertainty as to how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Also, if certain conditions of the Settlement described in the Stipulation are not met, the Settlement will be terminated and become null and void. In addition, the Claims Administrator will need time to process all of the timely claims before any distribution can be made.

| 12. | What am I giving up to get a payment or stay in the Settlement Class? |
|-----|----------------------------------------------------------------------|

As a member of the Settlement Class, in consideration for the benefits of the Settlement, you will be bound by the terms of the Settlement, and you will release Defendants' Releasees, as defined below, from the Plaintiffs' Released Claims, as defined below. Likewise, Defendants will be bound by the terms of the Settlement and will release Plaintiffs' Releasees, as defined below, from the Defendants' Released Claims, as defined below.

"Defendants' Releasees" means, collectively, each and all of (i) the Defendants, the members of each Individual Defendant's immediate family, any entity in which any Individual Defendant or member of any Individual Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or members of his/her family, the Officer Defendants, the Director Defendants, and the Underwriter Defendants, and all of their respective parents, subsidiaries, affiliates, successors, and assigns, in their respective capacities as such; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

"Plaintiffs' Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever (including, without limitation,

Unknown Claims, as defined below), whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory (including, without limitation, claims for negligence, gross negligence, recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or regulation, violation of the common law, violation of administrative rule or regulation, tort, breach of contract, violation of international law, or violation of the law of any foreign jurisdiction) that Lead Plaintiff or any other Member of the Settlement Class asserted in the Action or could have or might have asserted in the Action and/or in any other litigation, action or forum against Defendants' Releasees that (i) relate to any purchase, sale, or acquisition of, or decision to hold Sterling common stock during the Settlement Class Period; and (ii) arise out of, are based upon, or are related in any way, directly or indirectly, in whole or in part, to the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth or referred to in the Action. Notwithstanding the foregoing, "Plaintiffs' Released Claims" does not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims asserted on behalf of Sterling in any derivative action based on similar allegations.

"Plaintiffs' Releasees" means (i) Lead Plaintiff, its attorneys and all other Settlement Class Members; (ii) the current and former parents, officers, directors, affiliates, subsidiaries, successors, predecessors, assigns assignees, and immediate family members of each of the foregoing in (i); and (iii) for each and every Person listed in part (i), their respective past, present and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

"Defendants' Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action, of every nature and description whatsoever (including, without limitation, Unknown Claims, as defined below), whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory (including, without limitation, claims for negligence, gross negligence, recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or regulation, violation of the common law, violation of administrative rule or regulation, tort, breach of contract, violation of international law, or violation of the law of any foreign jurisdiction) against Plaintiffs' Releasees that arise out of or relate to the commencement, prosecution, or settlement of the claims asserted in the Action. Notwithstanding the foregoing, "Defendants' Released Claims" does not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

"Released Claims" means all Defendants' Released Claims and all Plaintiffs' Released Claims.

Case 5:20-cv-10490-JEL-EAS   ECF No. 79-1, PageID.1608   Filed 04/16/21   Page 87 of 117

11
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

"Unknown Claims" means, collectively, any and all of Plaintiffs' Released Claims that the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Defendants' Releasees, and any of Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs' Releasees which, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement and release of the Defendants' Releasees and Plaintiffs' Releasees, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class. Unknown Claims include, without limitation, those Released Claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and relinquish, and each Settlement Class Member, Plaintiffs' Releasees, and Defendants' Releasees shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Defendants further expressly waive and relinquish, and each Settlement Class Member and each Plaintiff's Releasees and Defendants' Releasees shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable or equivalent in effect to California Civil Code §1542. It is understood that Lead Plaintiff and Defendants and each Settlement Class Member and each Plaintiffs' Releasee and Defendants' Releasee, or any of them, may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, they shall expressly, fully, finally, and forever discharge, settle, and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, grossly negligent, reckless, deliberately reckless, or intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waivers of Released Claims that are Unknown Claims, including the provisions, rights and benefits of §1542 of the California Civil Code (and the inclusion of "Unknown Claims" in the definition of Released Claims) was separately bargained for and is a material element of the Settlement.

If the Court approves the Settlement, all Settlement Class Members who have not excluded themselves in writing will have fully, finally, and forever settled and released any and all Released Claims, contingent or non-

contingent, that now exist, or heretofore have existed, upon any theory of law or equity that were asserted or could have been asserted in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 13. | How do I get out of the Settlement? |
|---|---|

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion, postmarked no later than _____. The request for exclusion must: (i) state the name, address, and telephone number of the Person requesting exclusion; (ii) identify each of the Person's purchases or other acquisitions of Sterling common stock made during the Settlement Class Period, including the dates of each purchase or acquisition, the number of shares purchased or otherwise acquired, and the price or consideration paid per share for each such purchase or acquisition; (iii) identify each of the Person's sales or other disposals of Sterling common stock made during the Settlement Class Period, including the dates of each sale or disposal, the number of shares sold or disposed, and the price or consideration received per share for each such sale or disposal; and (iv) state that the Person wishes to be excluded from the Settlement Class. The request must be addressed as follows:

Sterling Bancorp Securities Litigation
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box XXXX
Milwaukee, WI  53217

You cannot exclude yourself by phone or by email.

**If you ask to be excluded from the Settlement Class, you will not get any Settlement payment, and you cannot object to the Settlement**. If you exclude yourself, you will not be legally bound by anything that happens in this Action. You may be able to sue (or continue to sue) Sterling and the other Defendants in the future about the claims in this Action.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

Yes. The Court appointed Berman Tabacco, Lead Counsel, to represent all Settlement Class Members. Lead Counsel may be contacted at the address and phone number listed on page __ above. There is no need to retain your own lawyer. If you want to be represented by your own lawyer you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

13
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

At the Final Approval Hearing, Lead Counsel will ask the Court to approve payment of up to 25% of the Settlement Fund, or approximately $3,125,000 for attorneys' fees and for reimbursement of out-of-pocket expenses not to exceed $90,000. The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for their services for conducting this Action on behalf of Lead Plaintiff and the Class, nor for their subsequent substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund. The Court may, however, award less than this amount. In that case the difference will remain with the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 16. | How do I tell the Court that I do not like the Settlement? |
| --- | --- |

You can ask the Court to deny approval by filing an objection.

You must object to the proposed Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must be filed with the Clerk of the Court, United States District Court, Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226, and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below so that they are received or postmarked on or before _____.

| Lead Counsel | Sterling's Counsel |
| --- | --- |
| Kristin J. Moody | Seth L. Levine |
| Berman Tabacco | Kenneth E. Lee |
| 44 Montgomery Street, Suite 650 | Levine Lee LLP |
| San Francisco, CA  94104 | 5 Columbus Circle, 11th Floor |
| (415) 433-3200 | New York, NY 10019 |
| kmoody@bermantabacco.com | (212) 223-4400 |
| | slevine@levinelee.com |
| | klee@levinelee.com |

Any objection must: (i) clearly identify the case name and number, *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 5:20-cv-10490-JEL-EAS; (ii) include the full name, address, and phone number of the objecting Settlement Class Member; (iii) include a list of all of the Settlement Class Member's Settlement Class Period transactions in Sterling common stock; (iv) include a written statement of all grounds for the objection; and (v) include copies of any legal support for the objection and any papers, briefs, or other documents upon which the objection is based which you wish to bring to the Court's attention in support of your objection.

If you wish to appear in person at the Final Approval Hearing, you must submit to the Court with your objection a Notice of Intention to Appear. If you intend to appear at the Final Approval Hearing through counsel, your

objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and your counsel must submit a Notice of Intention to Appear with the objection.

If you do not make your objection in the manner provided, you shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement or any part thereof.

| 17. | What's the difference between objecting and being excluded from the Settlement Class? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You do not need to attend that hearing but are welcome to attend if you so desire.

| 18. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Final Approval Hearing will be held before the Honorable Judge Judith E. Levy, United States District Court for the Eastern District of Michigan, either via telephonic or video conference, or in Courtroom 100, the Federal Building, 200 E. Liberty Street, Ann Arbor, Michigan 48104. THE FINAL APPROVAL HEARING DATE MAY CHANGE WITHOUT FURTHER NOTICE TO THE SETTLEMENT CLASS, SO PLEASE CHECK THE SETTLEMENT WEBSITE OR THE COURT'S PACER SYSTEM TO CONFIRM THE HEARING DATE. At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate; (ii) whether the proposed Plan of Allocation to distribute the Settlement proceeds (described on pages __ to __ below) is reasonable; and (iii) whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of expenses. If there are objections, the Court will consider them. The Court has discretion to listen to people who have made a written request to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement and the attorneys' fees and reimbursement of expenses request. We do not know how long these decisions will take.

| 19. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Lead Counsel will answer questions the Judge may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 20. | **May I speak at the Final Approval Hearing?** |
|---|---|

Any Settlement Class Member who did not request to be excluded from the Settlement Class by _____ is entitled to appear at the Final Approval Hearing, in person or through a duly authorized attorney, and to show cause why the Settlement should not be approved as fair, reasonable, and adequate. However, you may not be heard at the Final Approval Hearing unless, on or before _____, you file a Notice of Intention to Appear and a statement of the position that you will assert and the grounds for the position, together with copies of any supporting papers or briefs with the Clerk of the Court, United States District Court, Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226, as described in the response to question number 16 ("*How do I tell the Court that I do not like the Settlement?*") above.

Only Settlement Class Members who have submitted written notices in this manner may be heard at the Final Approval Hearing, unless the Court orders otherwise.

### IF YOU DO NOTHING

| 21. | **What happens if I do nothing at all?** |
|---|---|

If you are a Settlement Class Member but do nothing, then you will get no money from this Settlement. You must file a Claim Form to be eligible to receive anything from the Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case, ever again.

### GETTING MORE INFORMATION

| 22. | **Are there more details about the Settlement?** |
|---|---|

Yes. This Notice summarizes the proposed Settlement. More details (including definitions of various terms used in this Notice) are contained in the pleadings and other papers in this Action, including the formal Stipulation, which have been filed with the Court. Lead Plaintiff's submissions in support of the Settlement and Lead Counsel's fee and expense application will be filed with the Court prior to the Final Approval Hearing. In addition, information about the Settlement will be posted on the website set up for this case: www.SterlingBancorpSecuritiesLitigation.com. If you have any further questions you may contact Lead Counsel identified in the response to question number 14 ("*Do I have a lawyer in this case?*") above. You can also call the Claims Administrator at 1-877-933-4956 (Toll Free) to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

16
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

## SPECIAL NOTICE TO NOMINEES

---

**23.      Special Notice to Banks, Trustees, Brokerage Firms, or Other Nominees**

---

If you hold any Sterling common stock purchased during the Settlement Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (i) send a copy of this Notice and the Claim Form by first-class mail to all such Persons; or (ii) provide a list of the names and addresses of such Persons to the Claims Administrator:

Sterling Bancorp Securities Litigation
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box XXXX
Milwaukee, WI 53217

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

## UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION

### A.      Introduction to the Plan of Allocation

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Sterling common stock ("Common Stock") purchased or otherwise acquired during the Settlement Class Period.[2] The calculation of Recognized Loss will depend upon several factors, including when shares of Sterling Common Stock were purchased or otherwise acquired during the Settlement Class Period and in what amounts, and whether such stock was sold and, if sold, when and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be

---

[2] Throughout the Settlement Class Period, Sterling Common Stock was listed on the Nasdaq Capital Market exchange under the symbol SBT.

proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.

The Recognized Loss formula below reflects the maximum allowable recovery for all Authorized Claimants, considering the statutory limitations to recoverable losses imposed under §10(b) of the Exchange Act and §11 of the Securities Act.

The Plan of Allocation was created with the assistance of a consulting damages expert and is based on the assumption that the price of Sterling Common Stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Sterling Common Stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Sterling Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

In this Action, Lead Plaintiff alleges that Defendants made false statements and/or omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the price of Sterling Common Stock. Lead Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of Sterling Common Stock on December 9, 2019, March 9, 2020, and March 18, 2020 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, Sterling Common Stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

| Table 1 Artificial Inflation in Sterling Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| 11/17/2017 | 12/8/2019 | $4.08 |
| 12/9/2019 | 3/8/2020 | $1.96 |
| 3/9/2020 | 3/17/2020 | $1.00 |
| 3/18/2020 | Thereafter | $0.00 |

The "90-day lookback" provision of the PSLRA is incorporated into the calculation of the Recognized Loss for Sterling Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Sterling Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Sterling Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Sterling Common Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

A Recognized Loss will be calculated as set forth below for each share of Sterling Common Stock purchased or otherwise acquired during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

Please note that the approval of the Settlement is separate from and not conditioned on the Court's approval of the Plan of Allocation. You do not need to make any of these calculations yourself. The Claims Administrator will make all of these calculations for you.

### B. Calculating Recognized Loss

For each share of Sterling Common Stock purchased or otherwise acquired during the Settlement Class Period, *i.e.*, November 17, 2017, through March 17, 2020, inclusive, the Recognized Loss per share shall be calculated as follows:

I. For each share of Sterling Common Stock that was sold prior to December 9, 2019, the Recognized Loss per share is $0.00.

II. For each share of Sterling Common Stock that was purchased during the period November 17, 2017, through December 8, 2019, inclusive, and

    a. sold between December 9, 2019, and March 8, 2020, inclusive, the Recognized Loss per share is $2.12.

    b. sold between March 9, 2020, and March 17, 2020, inclusive, the Recognized Loss per share is $3.08.

    c. sold between March 18, 2020, and June 15, 2020, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i. $4.08; or

        ii. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

    d. still held as of the close of trading on June 15, 2020, the Recognized Loss per share is *the lesser of*:

        i. $4.08; or

        ii. the purchase price *minus* the average closing price for Sterling Common Stock during the 90-Day Lookback Period, which is $3.37.

19

III.     For each share of Sterling Common Stock that was purchased during the period December 9, 2019, through March 8, 2020, inclusive, and

 a. sold prior to March 9, 2020, the Recognized Loss per share is $0.00.

 b. sold between March 9, 2020, and March 17, 2020, inclusive, the Recognized Loss per share is $0.96.

 c. sold between March 18, 2020, and June 15, 2020, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

  i. $1.96; or

  ii. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

 d. still held as of the close of trading on June 15, 2020, the Recognized Loss per share is *the lesser of*:

  i. $1.96; or

  ii. the purchase price *minus* the average closing price for Sterling Common Stock during the 90-Day Lookback Period, which is $3.37.

IV.     For each share of Sterling Common Stock that was purchased during the period March 9, 2020, through March 17, 2020, and

 a. sold prior to March 18, 2020, the Recognized Loss per share is $0.00.

 b. sold between March 18, 2020, and June 15, 2020, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

  i. $1.00; or

  ii. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

 c. still held as of the close of trading on June 15, 2020, the Recognized Loss per share is *the lesser of*:

  i. $1.00; or

  ii. the purchase price *minus* the average closing price for Sterling Common Stock during the 90-Day Lookback Period, which is $3.37.

20
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

| Table 2 90-Day Lookback Value by Sale/Disposition Date | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 3/18/2020 | $2.94 | 4/17/2020 | $3.65 | 5/18/2020 | $3.42 |
| 3/19/2020 | $3.01 | 4/20/2020 | $3.62 | 5/19/2020 | $3.41 |
| 3/20/2020 | $3.07 | 4/21/2020 | $3.59 | 5/20/2020 | $3.39 |
| 3/23/2020 | $3.10 | 4/22/2020 | $3.56 | 5/21/2020 | $3.38 |
| 3/24/2020 | $3.33 | 4/23/2020 | $3.53 | 5/22/2020 | $3.37 |
| 3/25/2020 | $3.55 | 4/24/2020 | $3.50 | 5/26/2020 | $3.35 |
| 3/26/2020 | $3.65 | 4/27/2020 | $3.49 | 5/27/2020 | $3.34 |
| 3/27/2020 | $3.68 | 4/28/2020 | $3.48 | 5/28/2020 | $3.34 |
| 3/30/2020 | $3.70 | 4/29/2020 | $3.50 | 5/29/2020 | $3.33 |
| 3/31/2020 | $3.76 | 4/30/2020 | $3.50 | 6/1/2020 | $3.32 |
| 4/1/2020 | $3.77 | 5/1/2020 | $3.50 | 6/2/2020 | $3.31 |
| 4/2/2020 | $3.74 | 5/4/2020 | $3.50 | 6/3/2020 | $3.30 |
| 4/3/2020 | $3.71 | 5/5/2020 | $3.49 | 6/4/2020 | $3.31 |
| 4/6/2020 | $3.70 | 5/6/2020 | $3.48 | 6/5/2020 | $3.31 |
| 4/7/2020 | $3.68 | 5/7/2020 | $3.47 | 6/8/2020 | $3.33 |
| 4/8/2020 | $3.70 | 5/8/2020 | $3.47 | 6/9/2020 | $3.34 |
| 4/9/2020 | $3.71 | 5/11/2020 | $3.48 | 6/10/2020 | $3.35 |
| 4/13/2020 | $3.72 | 5/12/2020 | $3.47 | 6/11/2020 | $3.36 |
| 4/14/2020 | $3.71 | 5/13/2020 | $3.46 | 6/12/2020 | $3.36 |
| 4/15/2020 | $3.70 | 5/14/2020 | $3.45 | 6/15/2020 | $3.37 |
| 4/16/2020 | $3.67 | 5/15/2020 | $3.43 | | |

## C.       General Provisions Applicable to the Plan of Allocation

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of Claimants who send in Claims varies widely from case to case.

A purchase or sale of Sterling Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Sterling Common Stock during the Settlement Class Period by way of gift, inheritance, or operation of law, such a claim will be

Case 5:20-cv-10490-JEL-EAS ECF No. 79-1, PageID.1618 Filed 04/16/21 Page 97 of 117

21
Questions?  Call 1-877-933-4956 (Toll Free) or Visit: www.SterlingBancorpSecuritiesLitigation.com.

computed by using the date and price of the original purchase and not the date and price of transfer. Notwithstanding any of the above, receipt of Sterling Common Stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Sterling Common Stock.

If a Settlement Class Member made more than one purchase/acquisition or sale of Sterling Common Stock during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis, such that Settlement Class Period sales will be matched against previous purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

The date of covering a "short sale" of Sterling Common Stock is deemed to be the date of purchase of Sterling shares. The date of a "short sale" of Sterling Common Stock is deemed to be the date of sale of Sterling shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Sterling Common Stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

With respect to Sterling Common Stock purchased through the exercise of a call or put option,[3] the purchase date of the stock shall be the exercise date of the option and the purchase price shall be the closing price of Sterling Common Stock on the exercise date. Any Recognized Loss arising from purchases of Sterling Common Stock acquired during the Settlement Class Period through the exercise of an option on Sterling Common Stock shall be computed as provided for other purchases of Sterling Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Stipulation and Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

Defendants, their respective counsel, and all other Defendants' Releasees will have no responsibility for, interest in, or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund (except insofar as Defendants' insurance carrier retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶5.5 of the Stipulation), the Plan of Allocation, the determination, administration, or calculation of Claims, the payment of any Claim, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel, or any Claims Administrator likewise will have no liability for their reasonable efforts to

---

[3] Including (i) purchases of Sterling Common Stock as the result of the exercise of a call option on Sterling Common Stock; and (ii) purchases of Sterling Common Stock by the seller of a put option on Sterling Common Stock as a result of the buyer of such put option exercising that put option.

execute, administer, and distribute the Settlement.

No Authorized Claimant will have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. In addition, in the interest of achieving substantial justice, Lead Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms filed.

Date: _____                    THE HONORABLE JUDITH E. LEVY
                                          District Judge, United States District Court for
                                          the Eastern District of Michigan

# Exhibit A-2

***Sterling Bancorp Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 17_____**
**Milwaukee, WI 53217**
**Toll Free Number: 1-877-933-4956**
**Settlement Website: www.SterlingBancorpSecuritiesLitigation.com**
**Email: info@SterlingSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 20-cv-10490-JEL-EAS (the "Action") pending in the United States District Court for the Eastern District of Michigan (the "Court"), you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____, 2021**.

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling Parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN STERLING COMMON STOCK** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **6** |

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                    State                    Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (day)                          Telephone Number (evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)      ☐ Pension Plan     ☐ Trust

☐ Corporation                                     ☐ Estate

☐ IRA/401K                                        ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity, you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

QUESTIONS? CALL 1-877-933-4956 (TOLL FREE) OR VISIT WWW.STERLINGBANCORPSECURITIESLITIGATION.COM

**PART II – GENERAL INSTRUCTIONS**

1.     It is important that you completely read and understand the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     This Claim Form is directed to all persons or entities that purchased or otherwise acquired Sterling common stock during the period between November 17, 2017 through March 17, 2020, inclusive.  All persons and entities that are members of the Class are referred to as "Settlement Class Members."

3.     Excluded from the Class by definition are Defendants herein; members of the immediate family of each of the Defendants; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, including trusts associated with members of the Founding Family and the selling shareholders; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

4.     If you are not a Settlement Class Member, do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.     If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Plaintiffs' Released Claims against the Defendants' Releasees.

6.     You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this Claim Form as specified herein.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your Claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.     Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.     Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Sterling common stock.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Sterling common stock, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.

9.     Please note:  To be eligible to receive a distribution under the Plan of Allocation, you must have purchased or otherwise acquired Sterling common stock between November 17, 2017 through March 17, 2020, inclusive.

10.    You are required to submit genuine and sufficient documentation for all of your transactions and holdings of Sterling common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Sterling common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.    **One Claim Form should be submitted for each separate legal entity or separately managed account**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Sterling common stock made on behalf of a single beneficial owner.

12.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Sterling common stock and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Sterling common stock and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Sterling common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Sterling common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all Claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data Ltd., by email at info@SterlingSecuritiesLitigation.com, or by toll-free phone at 1-877-933-4956, or you may download the documents from the Settlement website, www.SterlingBancorpSecuritiesLitigation.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.SterlingBancorpSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@SterlingSecuritiesLitigation.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your Claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@SterlingSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-877-933-4956.**

**PART III – SCHEDULE OF TRANSACTIONS IN STERLING COMMON STOCK**

Complete this Part III if and only if you purchased or otherwise acquired Sterling common stock prior to March 18, 2020.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Sterling common stock.

**1.  PURCHASES/ACQUISITIONS FROM NOVEMBER 17, 2017 THROUGH MARCH 17, 2020**– Separately list each and every purchase/acquisition of Sterling common stock made from after the opening of trading on November 17, 2017, through and including the close of trading on March 17, 2020.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**2.  PURCHASES/ACQUISITIONS FROM MARCH 18, 2020, THROUGH JUNE 15, 2020. –** State the total number of shares of Sterling common stock purchased/acquired from after the opening of trading on March 18, 2020, through and including the close of trading on June 15, 2020.  If none, write "zero" or "0."

|  |
|---|

**3.  SALES OF STERLING COMMON STOCK NOVEMBER 17, 2017 THROUGH JUNE 15, 2020**– Separately list each and every sale/disposition of Sterling common stock that were purchased or otherwise acquired from after the opening of trading on November 17, 2017, through and including the close of trading on June 15, 2020.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**4.  HOLDINGS AS OF JUNE 15, 2020 –** State the total number of shares of Sterling common stock currently held as of the close of trading on June 15, 2020.  (Must be documented.)  If none, write "zero" or "0."

|  |
|---|

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.**  ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that, as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (as defined in the Stipulation and in the Notice) against Defendants' Releasees (as defined in the Stipulation and in the Notice), whether served or unserved with any complaint in the Action, and shall have covenanted not to sue Defendants' Releasees with respect to all such Plaintiffs' Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Plaintiffs' Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.    that I (we) own(ed) the Sterling common stock and have not assigned the claim against the Defendants' Releasees to another or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Sterling common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the Claim made by this Claim Form;

8.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                    Date

_____

Print your name here

_____

Signature of joint Claimant, if any                                 Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant        Date

_____

Print your name here

_____

**Capacity of person signing on behalf of Claimant, if other than an individual,** *e.g.*, **executor, president, trustee, custodian,** *etc*. **(Must provide evidence of authority to act on behalf of Claimant – see paragraph 13 on page 4 of this Claim Form.)**

### REMINDER CHECKLIST:

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2.  Remember to attach only **copies** of acceptable supporting documentation, as these documents will not be returned to you.
3.  Please do not highlight any portion of the Claim Form or any supporting documents.
4.  Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.
5.  Keep copies of the completed Claim Form and documentation for your own records.
6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-933-4956.**
7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
8.  If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@SterlingSecuritiesLitigation.com, toll-free at 1-877-933-4956, or visit www.SterlingBancorpSecuritiesLitigation.com.

Please DO NOT call Sterling or any of the other Defendants or their counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2021**, ADDRESSED AS FOLLOWS:

*Sterling Bancorp Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 17____
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted if a postmark date on or before _____, 2021 is indicated on the envelope and it is mailed First-Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

   You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:    All Persons that purchased or otherwise acquired Sterling Bancorp, Inc. (SBT) common stock during the period from November 17, 2017, through and including March 17, 2020 (the "Settlement Class Period"), including shares sold in the initial public offering that commenced on November 17, 2017 (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT, STERLING BANCORP, INC., OR ANY OTHER DEFENDANT OR THEIR COUNSEL, REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE PROPOSED SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW. ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON THE SETTLEMENT WEBSITE: www.SterlingBancorpSecuritiesLitigation.com.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the Settlement Class in the above-captioned litigation (the "Action") has been preliminarily certified for the purposes of the proposed settlement only.

**YOU ARE ALSO NOTIFIED** that Oklahoma Police Pension and Retirement System ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class, and the Defendants have reached a proposed settlement of the Action for $12,500,000 in cash (the "Settlement Amount"), that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing (the "Final Approval Hearing") will be held before the Honorable Judith E. Levy, United States District Judge for the United States District Court for the Eastern District of Michigan, either via telephonic or video conference, or in Courtroom 100, Federal Building, 200 E. Liberty Street, Ann Arbor, Michigan 48104 at ___ on ____, to, among other things, determine whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation"), dated April 16, 2021; (iii) the proposed Plan of Allocation for distribution of the Settlement Fund, and any interest earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court,

attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court (the "Net Settlement Fund") should be approved as fair and reasonable; and (iv) the application of Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved. The Court may change the date of the hearing without providing another notice. You do NOT need to attend the Final Approval Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received (i) the printed Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), or (ii) the Proof of Claim and Release Form ("Claim Form"), you can obtain a copy of those documents on the website www.SterlingBancorpSecuritiesLitigation.com or by contacting the Claims Administrator:

> *Sterling Bancorp Securities Litigation*
> Claims Administrator
> c/o A.B. Data, Ltd.
> P.O. Box XXXX
> Milwaukee, WI 53217

Please refer to the website for more detailed information and to review the Settlement documents. Inquiries other than requests for information about the status of a claim may also be made to Lead Counsel:

> Kristin J. Moody
> Berman Tabacco
> 44 Montgomery Street, Suite 650
> San Francisco, CA 94104
> Telephone: (415) 433-3200

If you are a potential Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund you must timely submit a valid Claim Form, which can be found on the website listed above, *postmarked no later than [ ]*. If you are a potential Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a potential Settlement Class Member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, which can also be found on the website, *postmarked no later than [ ].* If you are a potential Settlement Class Member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of expenses must be submitted to the Court in accordance with the instructions set forth in the Notice, *postmarked no later than [ ]*, and filed with the Court *no later than [ ].*

DATED: _____                          THE HONORABLE JUDITH E. LEVY
                                                 District Judge, United States District Court for
                                                 the Eastern District of Michigan

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>            Defendants. | Case 5:20-cv-10490-JEL-EAS |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated _____, 2021, on the motion for final approval of the Settlement set forth in the Stipulation of Settlement, dated as of April 16, 2021 ("Stipulation"). Due and adequate notice having been given to the Settlement Class as required in

said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This Final Judgment and Order of Dismissal With Prejudice  ("Final Judgment and Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.    "Settlement Class" shall mean all Persons who purchased or otherwise acquired Sterling common stock from November 17, 2017 through and including March 17, 2020, including shares sold in the initial public offering that commenced on November 17, 2017, and were damaged as a result.  Excluded from the Settlement Class are Defendants herein; members of the immediate family of each of the Defendants; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, including trusts associated with members of the Founding Family and the selling shareholders; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class but who excluded themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.  Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion from the Settlement Class are identified in Exhibit 1.  Those persons or entities are not bound by this Final Judgment and Order.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class. The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a)     The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b)     There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c)     The claims of the Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d)     The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e)     Questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph 4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if this Final Judgment and Order does not become final.

5.      The Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     said Stipulation is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

6.     Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Complaint, the Action, and all Released Claims with prejudice, without costs as to any of the Settling Parties, except as, and to the extent provided in the Stipulation, any separate order on attorneys' fees or reimbursement of Litigation Expenses, and herein.

7.     The Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.     Upon the Effective Date of the Settlement, the Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all of Plaintiffs' Released Claims against Defendants' Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form.

9.     All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

10.     Upon the Effective Date of the Settlement, Defendants' Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all of Defendants' Released Claims against Plaintiffs' Releasees.

11.     The Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of

Litigation Expenses and the published Summary Notice given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process as well as the requirements of the Private Securities Litigation Reform Act of 1995. In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of expense application shall in no way disturb or affect the Final Judgment and shall be considered separate from this Final Judgment and Order.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants, any of the Defendants' Releasees or Plaintiffs' Releasees or any Settlement Class Member; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants, any of the Defendants' Releasees or Plaintiffs' Releasees or any Settlement Class Member in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants, Defendants' Releasees, Plaintiffs' Releasees, and/or Settlement Class Members may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion, or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and reimbursement of Litigation Expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15.    The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: _____, 2021

HON. JUDITH E. LEVY
UNITED STATES DISTRICT JUDGE