UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>　　　　　　　Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>Hon. Mag. Judge Elizabeth A. Stafford<br><br>**CLASS ACTION** |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS a consolidated class action is currently pending before the Court entitled *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 5:20-cv-10490-JEL-EAS (the "Action");

WHEREAS, the Court has received Lead Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (the "Preliminary Approval Motion") and the Stipulation of Settlement, dated April 16, 2021 (the "Stipulation"), that was entered into by Lead Plaintiff Oklahoma Police Pension and Retirement System ("Lead Plaintiff"), Defendants Sterling Bancorp, Inc. ("Sterling" or the "Company"), Gary Judd, Thomas Lopp, Michael Montemayor, Scott Seligman, Barry Allen, Jon Fox, Seth Meltzer, Sandra Seligman, Peter Sinatra, Benjamin Wineman, Lyle Wolberg, Piper Sandler Companies, and American Capital Partners, LLC (collectively "Defendants"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiff having made the Preliminary Approval Motion, pursuant to Federal Rules of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     For purposes of this Settlement only, the Court will certify a Settlement Class defined as all Persons who purchased or otherwise acquired Sterling common stock during the Settlement Class Period, November 17, 2017 through and including March 17, 2020, including shares sold in the initial public offering that commenced on November 17, 2017, and were damaged as a result.  Excluded from the Class are Defendants herein; members of the immediate family of each of the Defendants; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, including trusts associated with members of the Founding Family and the selling shareholders; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Lead Plaintiff, Oklahoma Police Pension and Retirement System, as "Class Representative."

3.     Interim Lead Counsel, Berman Tabacco, is appointed as "Lead Counsel" and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, is

appointed "Class Counsel" and is authorized to act on behalf of the Class Representative and other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

  4. The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

    (a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

    (b) There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

    (c) The claims of the Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

    (d) The representative party will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

    (e) Questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

  The findings in ¶4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if the Settlement does not become

effective. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

5. A hearing (the "Final Approval Hearing") shall be held before this Court on **September 16, 2021**, **at 2:00 p.m**., either via telephonic or video conference, or at the Federal Building, Courtroom 100, 200 E. Liberty Street, Ann Arbor, Michigan, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

6. The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); the Proof of Claim and Release Form (the "Claim Form"); and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶7 of this Order meet the requirements of

5

Federal Rule of Civil Procedure 23, 15 U.S.C. §77z-1(a)(7), 15 U.S.C. §78u-4(a)(7) and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than fourteen (14) days after entry of this order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) No later than the Notice Date, the Summary Notice, substantially in the form annexed as Exhibits A-3 hereto, shall be published once in *Investor's Business Daily* and once over a national newswire service; and

(c) At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act,

28 U.S.C. §1715, no later than ten (10) calendar days following the filing of the Stipulation with the Court.

9. Nominees who purchased Sterling common stock for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Claim Form to all beneficial owners of such Sterling common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Claim Form to such beneficial owners. Such holders of record shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10. All Settlement Class Members who do not exclude themselves by the deadline set forth below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11. All Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein to obtain a payment. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than ninety calendar (90) days from the Notice Date. Any Settlement Class Member who does not submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

12. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), post-marked no later than twenty-one (21) calendar days before the date of the Final Approval Hearing. A Request for Exclusion must: (a) state the

name, address, and telephone number of the Person requesting exclusion; (b) identify each of the Person's purchases or other acquisitions of Sterling common stock made during the Settlement Class Period, including the dates of each purchase or acquisition, the number of shares purchased or otherwise acquired, and the price or consideration paid per share for each such purchase or acquisition; (c) identify each of the Person's sales or other disposals of Sterling common stock made during the Settlement Class Period, including the dates of each sale or disposal, the number of shares sold or disposed, and the price or consideration received per share for each such sale or disposal; (d) state the number of shares of Sterling common stock held immediately before the commencement of the Settlement Class Period; and (e) state that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

14.    Any Settlement Class Member may appear and show cause, if he, she, or it has any reasons why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead

Counsel. Settlement Class Members may not ask the Court to order a larger settlement or otherwise modify the Settlement; the Court may only approve or deny the Settlement. No Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Settlement Class Member has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below no later than twenty-one (21) days before the date of the Final Approval Hearing.

| Lead Counsel | Sterling's Counsel |
|---|---|
| Kristin J. Moody | Seth L. Levine |
| Berman Tabacco | Kenneth E. Lee |
| 44 Montgomery Street, Suite 650 | Levine Lee LLP |
| San Francisco, CA 94104 | 5 Columbus Circle, 11th Floor |
| (415) 433-3200 | New York, NY 10019 |
| kmoody@bermantabacco.com | (212) 223-4400 |
| | slevine@levinelee.com |
| | klee@levinelee.com |

15. Any objection must: (a) clearly identify the case name and number, *Oklahoma Police Pension and Retirement System, et al. v. Sterling Bancorp, Inc., et al.*, Case No. 5:20-cv-10490-JEL-EAS; (b) include the full name, address, and phone number of the objecting Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in Sterling common stock; (d) include a written statement of all grounds for the objection; and (e) copies of any legal support for the objection and any papers, briefs, or other

documents upon which the objection is based, which you wish to bring to the Court's attention in support of your objection. If you wish to appear in person at the Final Approval Hearing, you must submit to the Court with your objection a Notice of Intention to Appear. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and your counsel must submit a Notice of Intention to Appear with the objection. Any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and reimbursement of litigation expenses to Lead Counsel, unless otherwise ordered by the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. Lead Counsel shall be entitled to withdraw up to $200,000 (Two Hundred Thousand dollars) from the Settlement Fund pursuant to ¶5.5 of the Stipulation to pay reasonable expenses of notice and administration of the

settlement upon the execution of this Order, subject to final approval of said expenses at the Final Approval Hearing and the other provisions of the Stipulation.

18. All papers in support of the Settlement, the Plan of Allocation, and any motion by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served thirty-five (35) calendar days before the date of the Final Approval Hearing. Additionally, any reply brief(s) shall be filed and served seven (7) calendar days before the date of the Final Approval Hearing.

19. Defendants and their counsel shall have no responsibility for the Plan of Allocation or any motion for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any motion for attorneys' fees or reimbursement of expenses shall be approved.

21. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶5.5 or 6.2 of the Stipulation.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

23. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiff of any liability, fault, or wrongdoing of any kind.

24. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Plaintiffs' Released Claims against any of the Defendants' Releasees, nor shall any Defendant, and anyone who acts or purports to act on their behalf, institute, commence or prosecute any action which asserts Defendants' Released Claims against any of Plaintiffs' Releasees.

25. Pending final determination of whether the Settlement should be approved, all proceedings and all discovery with respect to the Defendants in the Action are stayed pending further order of the Federal Court.

26. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains

jurisdiction to consider all further motions arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: April 28, 2021  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2021.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager