# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>Hon. Mag. Judge Elizabeth A. Stafford<br><br>**CLASS ACTION** |

**DECLARATION OF GINGER SIGLER ON BEHALF OF OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM IN SUPPORT OF SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, Ginger Sigler, on behalf of Lead Plaintiff Oklahoma Police Pension and Retirement System ("Class Representative" or "OPPRS"), hereby certify that the following is true and correct and to the best of my knowledge, information, and belief:

1

1. I am the Executive Director of OPPRS, Lead Plaintiff and Class Representative in this matter. OPPRS was established by legislative act on January 1, 1981, and is the administrator of a multi-employer, cost-sharing defined benefit pension plan that provides participants with retirement, death, and disability benefits as established by the State of Oklahoma. OPPRS covers substantially all police officers employed by the 147 participating municipalities within the State of Oklahoma and the mission of OPPRS is to provide secure retirement benefits for its members and their beneficiaries. OPPRS has approximately $3.2 billion in combined assets. I respectfully submit this declaration in support of: (a) OPPRS's motion for final approval of the $12,500,000 settlement (the "Settlement") reached between OPPRS, on behalf of the Settlement Class,[1] and the Defendants; and (b) Lead Counsel's motion for an award of attorneys' fees and expenses.

2. As set forth in the certification attached to OPPRS's Amended Class Action Complaint for Violations of the Federal Securities Laws, OPPRS purchased Sterling common stock in the initial public offering and during the Settlement Class Period and suffered damages as a result.

---

[1] All capitalized terms not defined herein have the meanings ascribed to them in the Stipulation of Settlement, and the exhibits appended thereto, dated April 16, 2021 (the "Stipulation") (ECF No. 79-1).

*Work Performed by OPPRS on Behalf of the Settlement Class*

3. OPPRS retained Berman Tabacco to commence litigation against Sterling Bancorp, Inc. and other defendants. On February 26, 2020, after counsel's extensive investigation, OPPRS filed the initial 31-page, 114-paragraph, class action complaint in this Court against Sterling, certain of its directors and officers, and certain underwriters of Sterling's initial public offering.

4. On May 1, 2020, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), this Court appointed OPPRS as Lead Plaintiff and approved Lead Plaintiff's choice of Berman Tabacco as Interim Lead Counsel and Weitz & Luxenberg as Interim Local Counsel in this action.

5. OPPRS is a large, sophisticated institutional investor that committed itself to vigorously prosecuting this litigation, through trial if necessary. OPPRS understands that the PSLRA was enacted to encourage institutional investors with large losses to manage and direct securities fraud class actions. Before seeking appointment as Lead Plaintiff in the case, OPPRS carefully evaluated whether to serve as Lead Plaintiff and understood its fiduciary duties to serve the interests of the class by participating in the management and prosecution of this case.

6. Since its appointment as Lead Plaintiff, OPPRS has diligently pursued the effective prosecution of this action. Among other things, OPPRS has authorized

the filing of two complaints and the motion seeking to be appointed Lead Plaintiff; reviewed the pleadings and briefs filed in this Action and reviewed other correspondence concerning the litigation. In addition, OPPRS participated in strategic decisions, and OPPRS has communicated frequently with Lead Counsel by phone and email concerning case status and strategy. In addition, both I and OPPRS outside board counsel, Marc Edwards, Esq. of Phillips Murrah, attended the two-day mediation session, as well as several other meetings with Lead Counsel leading up to and following the mediation.

*OPPRS Endorses Approval of the Settlement and Attorney Fees and Expenses*

7. Based on its involvement throughout the prosecution and resolution of the Action, OPPRS believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class. OPPRS believes that the proposed Settlement represents a very favorable recovery, particularly considering the substantial risks of continuing to litigate the action, and it endorses approval of the Settlement by the Court.

8. OPPRS understands that Lead Counsel will seek an attorney award of 25% of the Settlement Fund, as well as reimbursement of litigation expenses not to exceed $90,000. OPPRS believes that Lead Counsel's request for an award of attorney's fees in the amount of 25% is fair and reasonable. This request is consistent with the fee agreement between Lead Counsel and OPPRS, which was

entered into at the outset of the litigation. Further, OPPRS believes that the expenses incurred by counsel are fair, reasonable, and necessary to the successful prosecution and resolution of this Action.

9. I understand that the Court may make an award of reasonable costs and expenses directly relating to the representation of the class, pursuant to the PSLRA. Accordingly, OPPRS is requesting the amount of $2,500 in connection with our efforts in the Action. This request is based on the conservative estimate that I, and other staff members, devoted approximately 25 hours to litigation activities described above, at an effective hourly rate of $100. The hours spent on this case was time that we would have otherwise devoted to other professional activities.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on August 9th, 2021.

                                          Ginger Sigler
                                          Executive Director,
                                          Oklahoma Police Pension and
                                          Retirement System