# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC,<br><br>Defendants. | Case 5:20-cv-10490-JEL-EAS<br><br>Hon. Judith E. Levy<br>Hon. Mag. Judge Elizabeth A. Stafford<br><br>**CLASS ACTION** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) CLASS REPRESENTATIVE OPPRS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................1

II.    ARGUMENT........................................................................................................3

        A.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and the Plan of Allocation ........................3

        B.    The Settlement Class's Reaction Also Strongly Supports Approval of Lead Counsel's Fee and Expense Requests......................5

III.    CONCLUSION....................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Griffin v. Flagstar Bancorp, Inc.*,
   No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)................3, 5

*In re AT&T Corp. Sec. Litig.*,
   MDL No. 1399, 2005 WL 6716404 (D.N.J. Apr. 25, 2005) .................................4

*In re Cardizem CD Antitrust Litig.*,
   218 F.R.D. 508 (E.D. Mich. Oct. 10, 2003) ........................................................4

*In re Packaged Ice Antitrust Litig.*,
   No. 08-MDL-01952, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011)...................4

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) .................................................................................6

*In re Se. Milk Antitrust Litig.*,
   No. 2:08-MD-1000, 2013 WL 2155379 (E.D. Tenn. May 17, 2013) ...................3

*Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v.
   Gen. Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) ................................................................................3

*Kogan v. AIMCO Fox Chase, L.P.*,
   193 F.R.D. 496 (E.D. Mich. May 30, 2000)......................................................4, 5

*Lowther v. AK Steel Corp.*,
   No. 1:11-cv-877, 2012 WL 6676131 (S.D. Ohio Dec. 21, 2012) ........................5

*New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*,
   234 F.R.D. 627 (W.D. Ky. 2006), *aff'd sub nom. Fidel v. Farley*, 534 F.3d
   508 (6th Cir. 2008)................................................................................................5

**Statutes**

15 U.S.C. § 78u-4(A)(4) ............................................................................................1

28 U.S.C. § 1715.........................................................................................................2

**Rules**

Fed. R. Civ. P. 23(e)................................................................................................1

Fed. R. Civ. P. 23(h) ...............................................................................................1

Pursuant to Rules 23(e) and 23(h) of the Federal Rules of Civil Procedure and in accordance with the Court's April 28, 2021 Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 80) ("Preliminary Approval Order"), Settlement Class Representative Oklahoma Police Pension and Retirement System ("OPPRS") and Lead Counsel Berman Tabacco respectfully submit this reply memorandum of law in further support of: (i) Class Representative OPPRS' Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation (ECF No. 92); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Litigation Costs and Expenses and Award to Class Representative Pursuant to 15 U.S.C. § 78u-4(A)(4) (ECF No. 93) (together, the "Motions").[1]

## I.     PRELIMINARY STATEMENT

Settlement Class Representative OPPRS is pleased to advise the Court that there has been a unanimously positive reaction from the Settlement Class to the proposed $12.5 million Settlement, Plan of Allocation and request for attorneys' fees and Litigation Expenses.

In accordance with the Preliminary Approval Order, the Court-authorized claims administrator for the Settlement, A.B. Data Ltd., has disseminated 9,639

---

[1] Unless otherwise noted, all capitalized terms not defined herein have the same meanings ascribed to them in the Stipulation of Settlement dated April 16, 2021 (ECF No. 79-1) ("Stipulation") and the Declaration of Kristen Moody dated August 12, 2021 (ECF No. 94) ("Moody Declaration" or "Moody Decl."). Unless otherwise noted, all internal quotation marks and citations are omitted.

copies of the Notice and Claim Form ("Notice Packet") to potential Settlement Class Members or their nominees.[2] The Notice informed recipients of, among other things, the essential terms of the Settlement, the Plan of Allocation, and Lead Counsel's intention to apply to the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses not to exceed $90,000 (inclusive of any request for reimbursement to OPPRS). In addition, the Notice—along with the papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense request filed on August 12, 2021 (ECF Nos. 92-94) ("Opening Papers")—was made available on the website for the Settlement, http://www.sterlingbancorpsecuritieslitigation.com, and the Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire*.[3] In addition, we are informed that notice of the Settlement was provided by Defendants pursuant to the Class Action Fairness Act 28 U.S.C. § 1715, on or before April 26, 2021.

---

[2] *See* Supplemental Declaration of Adam D. Walter Regarding (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusion and Objections, dated September 8, 2021 ("Supp. Mailing Decl."), ¶¶3-6, attached as **Exhibit 1** hereto.

[3] *See* Supp. Mailing Decl. ¶8; *see also* Declaration of Adam D. Walter Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (ECF No. 94-5, PageID.1870, at ¶10).

The deadline for objections and request for exclusions was August 26, 2021, and OPPRS and Lead Counsel are pleased to advise the Court that, following the extensive Court-approved notice program, ***not a single member of the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses***. Further, ***not a single member of the Settlement Class has requested exclusion from the Settlement Class.***

The Settlement Class's reaction is indicative of the fairness, adequacy and reasonableness of the Settlement, the Plan of Allocation, and the fee and expense application.

## II. ARGUMENT

### A. The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and the Plan of Allocation

The reaction of a class to a settlement is an important factor in assessing the fairness and adequacy of the settlement. *See Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Here, the absence of ***any*** objections from Settlement Class Members strongly supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g., Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *5 (E.D. Mich. Dec. 12, 2013) ("[s]uch unanimous approval is entitled to great weight and favors final approval"); *In re Se. Milk Antitrust Litig.*, No. 2:08-MD-1000, 2013 WL 2155379, at *6 (E.D. Tenn. May 17, 2013) ("The lack of objections

3

by class members in relation to the size of the class highlights the fairness of the settlements to unnamed class members and supports approval of the settlements."); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 502 (E.D. Mich. May 30, 2000) (finding "the fact that not one class member objected after receiving the best notice possible under the circumstances to weigh heavily in favor of approving the settlement agreement"); *see also In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) ("'[U]nanimous approval of the proposed settlement [] by the class members is entitled to nearly dispositive weight in the court's evaluation of the proposed settlement.'") (alteration in original).

Moreover, the absence of objections from institutional investors with ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g., In re AT&T Corp. Sec. Litig.*, MDL No. 1399, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (approving settlement where "no objections were filed by any institutional investors who had great financial incentive to object").

Likewise, the fact that no requests for exclusion were received following the mailing of 9,639 Notice Packets further supports approval of the Settlement. *See, e.g., In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. Oct. 10, 2003) (finding where "overwhelming majority of class members have elected to

remain in the Settlement Class, without objection," the "reaction of the class," "demonstrates that the Settlement is fair, reasonable, and adequate").

As discussed in the Opening Papers, just like the Settlement as a whole, the Plan of Allocation must be fair, reasonable, and adequate.  *See Griffin*, 2013 WL 6511860, at *7.  There also have been no objections to the Plan of Allocation.  The Settlement Class's reaction here provides additional strong support for approving the Plan of Allocation.

> **B.    The Settlement Class's Reaction Also Strongly Supports Approval of Lead Counsel's Fee and Expense Requests**

As is true with the Settlement, ***not a single*** Settlement Class Member has objected to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, including the request for reimbursement to Class Representative.  The fact that there are no objections is strong evidence that the requested amount of fees and expenses is reasonable. *See, e.g.*, *Lowther v. AK Steel Corp.*, No. 1:11-cv-877, 2012 WL 6676131, at *4 (S.D. Ohio Dec. 21, 2012) ("The lack of objections is strong evidence of the acceptability of a fee request."); *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 634 (W.D. Ky. 2006) ("The lack of objections from the Class supports the reasonableness of the fee request."), *aff'd sub nom. Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008); *Kogan*, 193 F.R.D. at 504-05 (approving fee request and noting that not one class member objected).

Additionally, as with approval of the Settlement, the lack of any objections by institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding the fact that "a significant number of investors in the class were sophisticated institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request).

## III.    CONCLUSION

For the reasons set forth above and as set forth in greater detail in the Opening Papers, Settlement Class Representative OPPRS and Lead Counsel respectfully request that the Court approve: (i) the Settlement; (ii) the Plan of Allocation; and (iii) Lead Counsel's request for attorneys' fees and Litigation Expenses, including the requested reimbursement to Class Representative OPPRS. Proposed Orders approving these requests are being submitted concurrently through the order submission feature on ECF.

Dated: September 9, 2021                    Respectfully submitted,

**BERMAN TABACCO**

*/s/ Kristin J. Moody*
Kristin J. Moody

44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email:kmoody@bermantabacco.com

6

-and-

Patrick T. Egan
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com

*Counsel for Settlement Class Representative Oklahoma Police Pension and Retirement System and Lead Counsel for the Settlement Class*

Paul F. Novak
Fisher Building
**WEITZ & LUXENBERG**
3011 West Grand Blvd., 24th Floor
Detroit, MI 48202
Telephone: (313) 800-4170
Facsimile: (646) 293-7992
Email: pnovak@weitzlux.com

*Local Counsel for Settlement Class Representative Oklahoma Police Pension and Retirement System and Interim Local Counsel for the Putative Class*

## CERTIFICATE OF SERVICE

I, Kristin J. Moody, of Berman Tabacco, hereby certify that on September 9, 2021, I electronically transmitted the foregoing via the Court's CM/ECF System, which will notify all counsel of record authorized to receive such filings.

/s/ *Kristin J. Moody*
Kristin J. Moody

**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email:kmoody@bermantabacco.com