**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STERLING BANCORP, INC.; GARY JUDD; THOMAS LOPP; MICHAEL MONTEMAYOR; SCOTT SELIGMAN; BARRY ALLEN; JON FOX; SETH MELTZER; SANDRA SELIGMAN; PETER SINATRA; BENJAMIN WINEMAN; LYLE WOLBERG; PIPER SANDLER COMPANIES; AND AMERICAN CAPITAL PARTNERS, LLC, <br><br> Defendants. | Case 5:20-cv-10490-JEL-EAS <br><br> Hon. Judith E. Levy <br> Hon. Mag. Judge Elizabeth A. Stafford <br><br> **CLASS ACTION** |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated April 28, 2021 (ECF No. 80) ("Preliminary Approval Order"), on the motion for final approval of the Settlement set forth in the Stipulation of Settlement, dated as of April 16, 2021

("Stipulation"). A hearing was held on September 23, 2021 on the motion for final approval of the Settlement. Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, for the reasons set forth on the record, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Final Judgment and Order of Dismissal With Prejudice ("Final Judgment and Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      "Settlement Class" shall mean all Persons who purchased or otherwise acquired Sterling common stock from November 17, 2017 through and including March 17, 2020, including shares sold in the initial public offering that commenced on November 17, 2017, and were damaged as a result. Excluded from the Settlement Class are Defendants herein; members of the immediate family of each of the Defendants; any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is

related to or affiliated with any of the Defendants, including trusts associated with members of the Founding Family and the selling shareholders; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Those persons or entities are not bound by this Final Judgment and Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class. The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b) There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c) The claims of the Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d) The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e) Questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class

3

action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph 4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if this Final Judgment and Order does not become final.

5.      The Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      said Stipulation is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

6.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Complaint, the Action, and all Released Claims with prejudice, without costs as to any of the Settling Parties, except as,

and to the extent provided in the Stipulation, any separate order on attorneys' fees or reimbursement of Litigation Expenses, and herein.

7.      The Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.      Upon the Effective Date of the Settlement, the Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged all of Plaintiffs' Released Claims against Defendants' Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form.

9.      All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

10.      Upon the Effective Date of the Settlement, Defendants' Releasees shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged all of Defendants' Released Claims against Plaintiffs' Releasees.

11.      The Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of

Litigation Expenses and the published Summary Notice given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort.   Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process as well as the requirements of the Private Securities Litigation Reform Act of 1995.   In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

12.   Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of expense application shall in no way disturb or affect the Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

13.   Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, any of the Defendants' Releasees or Plaintiffs'

6

Releasees or any Settlement Class Member; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants, any of the Defendants' Releasees or Plaintiffs' Releasees or any Settlement Class Member in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants, Defendants' Releasees, Plaintiffs' Releasees, and/or Settlement Class Members may file the Stipulation and/or the Final Judgment and Order from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion, or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and reimbursement of Litigation Expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

7

15.   The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.   Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**IT IS SO ORDERED.**

Dated: September 23, 2021         s/Judith E. Levy
    Ann Arbor, Michigan          JUDITH E. LEVY
                                  United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2021.

s/William Barkholz
Case Manager

8